# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 97-2474

_____

| | | |
|---|---|---|
| Janet S. Helvey, | * | |
| | * | |
| Appellant, | * | |
| | * | |
| v. | * | Appeal from the United States |
| | * | District Court for the |
| City of Maplewood, Missouri; Martin | * | Eastern District of Missouri. |
| Corcoran; Mapleleaf Inn, Inc.; Paul | * | |
| Thomas; John Doe, I; John Doe, II; | * | |
| John Doe, III, | * | |
| | * | |
| Appellees. | * | |

_____

Submitted: April 16, 1998

Filed: September 3, 1998

_____

Before WOLLMAN, BEAM, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

_____

WOLLMAN, Circuit Judge.

Janet S. Helvey appeals from the district court's grant of summary judgment and dismissal of claims in her action alleging civil rights and pendent state law violations. We affirm in part, and reverse and remand in part.

Helvey was employed as a bartender at Maple Leaf Inn, Inc. (Maple Leaf), located in the City of Maplewood, Missouri (City). In July 1992, she witnessed an

incident between four Maplewood police officers and two individuals. Helvey testified under subpoena on behalf of these individuals in their state criminal proceedings and in a federal civil rights proceeding they brought against the City. In August 1994, within two months of her testimony in the civil rights proceeding, Helvey was discharged from Maple Leaf.

Helvey then brought this action against Maple Leaf and its principal shareholder, Paul Thomas (private defendants), and against the City, city manager Martin Corcoran, and three unidentified city employees (city defendants). She alleged that three weeks before her discharge Corcoran had demanded that Thomas fire her from Maple Leaf because of her testimony. Further, Corcoran allegedly told Thomas that he should replace Helvey with a man and threatened to otherwise shut down the bar or revoke its liquor license. Helvey contended that the defendants' conduct violated 42 U.S.C. § 1983 (Count I) by violating her rights to free speech, due process, equal protection, and equal privileges and immunities, and that the conduct also violated 42 U.S.C. § 1985 (Count II). Helvey also asserted state tort claims of unlawful civil conspiracy (Count III) and tortious interference with a business expectancy (Count IV).

The city defendants filed motions to dismiss and for summary judgment. In support of their summary judgment motion, these defendants attached an affidavit in which Corcoran stated that he neither had met nor knew who Helvey was before being served with this lawsuit and was not aware that she had testified in the civil rights proceedings. Corcoran acknowledged meeting with Thomas in August 1994 to discuss problems at Maple Leaf, but denied demanding that Helvey be fired or threatening adverse consequences if she was not. The city defendants also attached an affidavit in which Thomas attested that Helvey was fired because of numerous altercations that arose on her shift. Thomas stated that Helvey was not told that the City was forcing anyone to fire her and that Corcoran had not told Thomas to discharge Helvey during the August 1994 meeting.

In response, Helvey attached her own affidavit, in which she attested that gross receipts were the greatest when she was on duty as compared to other bartenders, and that she had observed no greater problems during her shifts than during those of the other Maple Leaf bartenders. Helvey also attested that when she was fired Thomas told her: "(a) 'The City says I have to fire you,' (b) 'Corcoran told me to get rid of [you] and replace [you] with a man,' (c) '[Corcoran] said the City will shut [me] down for two weeks' and 'City will revoke [my] license and put [me] out of business unless [I] fire [you],' (d) 'I have no choice but to fire you, I'm going along with the City's demands' and (e) 'You know, Jan, it's not a good idea to testify against Maplewood police when you work for a bar in Maplewood - they don't like it.'"

The district court granted the city defendants summary judgment on Helvey's section 1983 free speech and equal protection claims, her section 1985 claim, and her state law claims. The court dismissed Helvey's other claims. Helvey voluntarily dismissed all claims against the private defendants, and this appeal followed.

We review de novo both the district court's dismissal of plaintiff's claims, see Kohl v. Casson, 5 F.3d 1141, 1148 (8th Cir. 1993), and its grant of summary judgment, see Hossaini v. Western Missouri Med. Ctr., 140 F.3d 1140, 1142 (8th Cir. 1998).

We conclude that the district court erred in granting summary judgment on Helvey's section 1983 free speech claim. Helvey's attestations regarding her employment history and performance and the statements Thomas made to her shortly after her trial testimony and his meeting with Corcoran were sufficient to create a factual dispute in the face of contrary attestations. See Calvit v. Minneapolis Pub. Sch., 122 F.3d 1112, 1117-18 & n.4 (8th Cir. 1997) (in free speech retaliation claim, previous favorable performance evaluations, short time between statements and negative treatment by employer, and knowledge of employer of critical statements about its child abuse reporting procedures created genuine issue of material fact on whether adverse employment action was caused by protected speech). Helvey's

allegation that Corcoran used his position of authority to cause Thomas to fire her in retaliation for the testimony she gave concerning the incident involving Maplewood police officers stated a claim under section 1983. Cf. Korb v. Lehman, 919 F.2d 243, 244-45, 248 (4th Cir.1990), cert. denied, 502 U.S. 808 (1991) (suggesting that private employee had free speech claim against government official who retaliated against employee for exercising his First Amendment rights by causing employee to be fired by private employer).

In addition, we have recognized that an at-will employee's right to be free from arbitrary government interference in his employment relation gives rise to a due process right. See Chernin v. Lyng, 874 F.2d 501, 505-06 (8th Cir. 1989). This right arises when government officials, through exercise of their regulatory authority over an employer, demand the discharge of an employee. Id. at 502-03, 506; see also Waddell v. Forney, 108 F.3d 889, 893 (8th Cir. 1997) (recognizing the clearly established right to be free from government interference with an employment relationship). Accordingly, we conclude that Helvey has stated a due process claim. The conduct Helvey attributed to Corcoran also supports her state law tortious interference claim. See Hamilton v. Spencer, 929 S.W.2d 762, 764 (Mo. Ct. App. 1996) (recognizing a claim under Missouri law where defendant, with knowledge of business relationship, intentionally induces a breach of relationship without justification); Casterline v. Stuerman, 588 S.W.2d 86, 87-89 (Mo. Ct. App. 1979) (reversing grant of summary judgment to defendants where plaintiff, director of nurses who had oral indefinite employment relationship, alleged that concerted accusations of defendants resulted in her discharge).

We conclude that the district court properly disposed of Helvey's remaining claims. Even assuming that Corcoran told Thomas to fire Helvey and hire a man, this evidence is insufficient to create an inference that Helvey's discharge was based on her gender, especially in light of her claim that her discharge was ordered in retaliation for her testimony. See Klinger v. Department of Corrections, 31 F.3d 727, 731 (8th Cir.

1994) (for equal protection claim, plaintiff must allege different treatment of similarly situated individuals).  As to Helvey's section 1985 claim and her state law civil conspiracy claim, Helvey offered no evidence that Thomas willingly agreed with Corcoran to enter into a conspiracy to retaliate against her.  See Gometz v. Culwell, 850 F.2d 461, 464 (8th Cir. 1988) (Section 1985 conspiracy); Mackey v. Mackey, 914 S.W.2d 48, 50 (Mo. Ct. App. 1996) (state law conspiracy).  As to Helvey's privileges and immunities claim,  Helvey did not allege she was deprived of rights because she was a citizen of another state.  See Lutz v. City of York, 899 F.2d 255, 262 (3d Cir. 1990).  Finally, as to the City and to Corcoran in his official capacity, Helvey produced no evidence to support her general assertions of a City policy to retaliate against witnesses who testified adversely to the City.  See Monell v. Department of Soc. Servs., 436 U.S. 658, 690-91 (1978).

We reverse that portion of the judgment dismissing Helvey's section 1983 free speech and due process claims and her state law tortious interference claim against Corcoran in his individual capacity.  We remand for further proceedings on those claims.  The judgment is affirmed in all other respects.

A true copy.


Attest:


CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-5-