# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 98-2691

_____

John Pendleton; Russell Signorino,          *
                                            *
        Plaintiffs/Appellees,     *
                                            *
    v.                                 *
                                            *
St. Louis County; Economic Council          *
of St. Louis County; Robert P.              *
McCulloch; James Redmond,                   *
                                            *   Appeals from the United States
        Defendants,               *   District Court for the
                                            *   Eastern District of Missouri.
James E. Baker; Judith K. Parker;           *
Michael Baker; Ronald A. Battelle;          *
Harold Klein; Howard Eaton;                 *
George Damos; Roger Melton,                 *
                                            *
        Defendants/Appellants,    *
                                            *
Dennis Coleman, individually and in         *
their official capacities,                  *
                                            *
        Defendant.                *

_____

No. 98-2738

_____

| | |
|---|---|
| John Pendleton; Russell Signorino, | * |
| | * |
| Plaintiffs/Appellees, | * |
| | * |
| v. | * |
| | * |
| St. Louis County; Economic Council | * |
| of St. Louis County; | * |
| | * |
| Defendants, | * |
| | * |
| Robert P. McCulloch; James Redmond, | * |
| | * |
| Defendants/Appellants, | * |
| | * |
| James E. Baker; Judith K. Parker; | * |
| Michael Baker; Ronald A. Battelle; | * |
| Harold Klein; Howard Eaton; | * |
| George Damos; Roger Melton; | * |
| Dennis Coleman, individually and in | * |
| their official capacities, | * |
| | * |
| Defendants. | * |

_____

Submitted: February 8, 1999

Filed: June 2, 1999

_____

-2-

Before WOLLMAN,[1] LOKEN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.
_____

WOLLMAN, Chief Judge.

John Pendleton and Russell Signorino (Plaintiffs) brought this action under 42 U.S.C. § 1983 alleging that James E. Baker, Judith K. Parker, Michael Baker, Ronald Battelle, Harold Klein, Howard Eaton, George Damos, Roger Melton, Robert P. McCulloch, and James Redmond (Defendants)[2] conspired to retaliate against them for exercising rights protected by the First and Fourteenth Amendments. Defendants moved to dismiss the action under Fed. R. Civ. P. 12(b)(6) on qualified immunity grounds. The district court[3] denied the motion, and Defendants appeal. We affirm.

**I.**

During the events that gave rise to this action, Pendleton was a member of the St. Louis County Private Industry Council (PIC), a group that monitors employment and training activities for low-income residents of the county. Signorino was a PIC member from September 1994 to August 1995. PIC funds were disbursed through the St. Louis County Department of Human Services (Department), which led to a protracted dispute between Plaintiffs and Defendants James Baker, the Director of Administration for St. Louis County, and Parker, the Director of the Department. Plaintiffs supported the incorporation of PIC, which would have ended the county's control over PIC funds. James Baker and Parker opposed incorporation.

_____

[1]Roger L. Wollman became Chief Judge of the United States Court of Appeals for the Eighth Circuit on April 24, 1999.

[2]Dennis Coleman and the Economic Council of St. Louis County are also defendants in the lawsuit but have not joined in the present appeal.

[3]The Honorable Stephen N. Limbaugh, United States District Judge for the Eastern District of Missouri.

As a result of this dispute, on April 22, 1997, Plaintiffs sent an anonymous fax from a copy center to members of the PIC and the local media. The fax criticized Parker for hiring the spouse of Michael Baker, an assistant director of the Department. It also stated that Michael Baker had instructed Department employees not to talk to auditors during a federal investigation in March of 1997.

After learning of the fax, Parker, James Baker, and Michael Baker contacted Battelle, the St. Louis County Chief of Police, to bring criminal harassment charges against the persons responsible for the fax. Battelle assigned Melton, Klein, Eaton, and Damos, St. Louis County police officers, to investigate the identity of the fax senders and whether harassment charges were warranted based on the contents of the fax. During the investigation, Melton learned that the copy center's surveillance cameras were operating when the fax was sent. James Baker and at least one of the officers contacted McCulloch and Redmond, St. Louis County prosecutors, and requested a subpoena for the surveillance videotape. The subpoena was issued, and the officers obtained the videotape and showed it to Parker, Michael Baker, and James Baker. After identifying Plaintiffs, James Baker allegedly contacted their employers to have them terminated or disciplined for sending the fax. Pendleton was not disciplined, but Signorino allegedly was forced to resign. The criminal investigation was closed and no further action was taken by the police department. Plaintiffs subsequently brought this claim, asserting that Defendants' actions violated the First and Fourteenth Amendments.

## II.

Initially, we must determine the extent of our jurisdiction over this appeal. Generally, the denial of a motion to dismiss is not immediately appealable because it is not a final order. However, the Supreme Court has carved out an exception to the general rule in cases involving qualified immunity claims to protect state actors from the burdens of litigation. In Behrens v. Pelletier, it stated that precedent "clearly

establishes that an order rejecting the defense of qualified immunity at <u>either</u> the dismissal stage <u>or</u> the summary-judgment stage is a 'final' judgment subject to immediate appeal." 516 U.S. 299, 307 (1996).

The Court has warned, however, that the scope of such appellate review is narrow. An order denying qualified immunity is immediately appealable only "to the extent it turns on an 'issue of law.'" <u>Id.</u> at 311 (citing <u>Mitchell v. Forsyth</u>, 472 U.S. 511, 530 (1985)). Specifically, there will be immediate appellate jurisdiction if the order is based on a legal determination that certain facts show a violation of "'clearly established'" law. <u>See</u> <u>Johnson v. Jones</u>, 515 U.S. 304, 311 (1995) (quoting <u>Mitchell</u>, 472 U.S. at 528). The order will not be immediately appealable if it turns on an issue of evidence sufficiency, "<u>i.e.</u>, which facts a party may, or may not, be able to prove at trial." <u>Id.</u> at 313. <u>See also</u> <u>Mueller v. Tinkham</u>, 162 F.3d 999, 1004 (8th Cir. 1998) (finding no appellate jurisdiction over a denial of qualified immunity because the defendants were arguing that insufficient evidence linked them to a conspiracy); <u>Collins v. Bellinghausen</u>, 153 F.3d 591, 595 (8th Cir. 1998) (limiting appellate jurisdiction over denials of qualified immunity to review of whether, accepting all of the plaintiffs' factual allegations as true, the defendants reasonably believed their conduct did not violate clearly established law); <u>Miller v. Schoenen</u>, 75 F.3d 1305, 1308-09 (8th Cir. 1996) (stating that no jurisdiction exists "if the issues relate to whether the actor actually committed the act of which he is accused").

We are therefore precluded from reviewing Defendants' claims that insufficient evidence links them to a conspiracy to retaliate against Plaintiffs for sending the fax. Our jurisdiction is limited to determining whether Defendants objectively could have believed that the conduct in which they allegedly engaged did not violate clearly established law. In making this determination, we assume that all facts alleged in the complaint are true and liberally construe the complaint in the light most favorable to Plaintiffs. <u>See</u> <u>Doe v. Norwest Bank Minn., N.A.</u>, 107 F.3d 1297, 1303-04 (8th Cir. 1997) (reciting the standard of review for a motion to dismiss).

Plaintiffs allege that all Defendants "entered into a conspiracy to injure, oppress, threaten and intimidate Plaintiffs because of their exercise of protected rights and privileges secured to Plaintiffs by the First and Fourteenth Amendments . . . to exercise their rights of freedom of speech and association." First Am. Compl. ¶ 38, J.A. at 48. Specifically, Plaintiffs allege that Parker, Michael Baker, James Baker, and Battelle fabricated a criminal investigation in furtherance of the conspiracy. Id. ¶ 39, J.A. at 48. Melton allegedly attempted to obtain the surveillance videotape in furtherance of the conspiracy. Id. ¶ 41, J.A. at 48-49. McCulloch and Redmond allegedly prepared and authorized a subpoena for the videotape in furtherance of the conspiracy. Id. ¶ 44, J.A. at 49. Damos, Klein, and Eaton allegedly showed the videotape to Parker, Michael Baker, and James Baker in furtherance of the conspiracy. Id. ¶¶ 49-50, J.A. at 50-51.

Assuming, as we must, that Defendants engaged in this conduct in furtherance of a conspiracy to retaliate against Plaintiffs for exercising their First Amendment rights, Defendants could not have reasonably believed that their actions comported with clearly established law. This Court repeatedly has held that retaliation against the exercise of First Amendment rights is a basis for section 1983 liability. See Helvey v. City of Maplewood, 154 F.3d 841, 844 (8th Cir. 1998); Barnard v. Jackson County, Mo., 43 F.3d 1218, 1222-23 (8th Cir. 1995); Shands v. City of Kennett, 993 F.2d 1337, 1342 (8th Cir. 1993). Accord Barrett v. Harrington, 130 F.3d 246, 264 (6th Cir. 1997), cert. denied, 118 S. Ct. 1517 (1998) (recognizing that "it is well-established that a public official's retaliation against an individual exercising his or her First Amendment rights is a violation of § 1983"); Fraternal Order of Police Hobart Lodge No. 121, Inc. v. City of Hobart, 864 F.2d 551, 553 (7th Cir. 1988) (stating that "retaliation by public officials against the exercise of First Amendment rights is itself a violation of the First Amendment").

Defendants claim that they cannot be held liable under section 1983 for retaliation carried out by a private employer. Our cases have held, however, that retaliation against protected speech can result in section 1983 liability even if it

ultimately is carried out by a private actor. <u>See</u> <u>Helvey</u>, 154 F.3d at 844 (citing <u>Korb v. Lehman</u>, 919 F.2d 243, 244-45 (4th Cir. 1990)); <u>Mershon v. Beasley</u>, 994 F.2d 449, 451 (8th Cir. 1993) (citing <u>Dennis v. Sparks</u>, 449 U.S. 24, 27 (1980)). To consider a private employer a state actor for section 1983 purposes, a plaintiff "must allege, at the very least, that there was a mutual understanding, or a meeting of the minds, between the private party and the state actor." <u>Mershon</u>, 994 F.2d at 451, <u>quoted in</u> <u>Miller v. Compton</u>, 122 F.3d 1094, 1098 (8th Cir. 1997). Plaintiffs alleged such a meeting of the minds between Coleman, the private employer who allegedly forced Signorino to resign, and James Baker, a state actor. <u>See</u> First Am. Compl. ¶¶ 56-58, J.A. at 52-53.

On the narrow question of law over which we have jurisdiction, we therefore conclude that Plaintiffs have alleged facts which, if proved, could result in liability under section 1983 for all Defendants. Accordingly, the district court's order is affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.