# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-1808

_____

Charles Naucke; Theresa Naucke;          *
John Duval,                               *
                                          *
          Appellants,                     *
                                          *
     v.                                   *
                                          *
City of Park Hills; James Link,           *
personally and in his official capacity   *
as City Administrator for the City of     *
Park Hills,                               *
                                          *
          Appellees,                      *
                                          *
Wheaton USA, Inc., a New Jersey           *
corporation,                              *
                                          *
          Defendant.                      *

                                               Appeals from the United States
                                               District Court for the
                                               Eastern District of Missouri.

_____

No. 01-1809

_____

Charles Naucke; John Duvall,              *
                                          *
          Appellees,                      *
                                          *
     v.                                   *

|  | * |
| :-- | :-- |
| City of Park Hills, | * |
|  | * |
| Defendant, | * |
|  | * |
| James Link, personally and in his | * |
| official capacity as City Administrator | * |
| for the City of Park Hills, | * |
|  | * |
| Appellant, | * |
|  | * |
| Wheaton USA, Inc., a New Jersey | * |
| corporation, | * |
|  | * |
| Defendant. | * |

_____

Submitted: December 14, 2001

Filed:  March 27, 2002
_____

Before LOKEN, RICHARD S. ARNOLD and BYE, Circuit Judges.
_____

BYE, Circuit Judge.

Theresa Naucke appeals the district court's[1] adverse grant of summary judgment in her 42 U.S.C. § 1983 action against the City of Park Hills (Park Hills) and James Link, personally and in his official capacity as City Administrator for Park Hills. Charles Naucke and John Duvall appeal the district court's partial denial of attorney's fees claimed in conjunction with their successful § 1983 claims.  James Link cross-

---

[1] The Honorable Donald J. Stohr, United States District Judge for the Eastern District of Missouri.

appeals the jury's verdict finding him liable to Charles and John under § 1983. We affirm.

## I.

Charles Naucke, Theresa Naucke, and John Duvall are residents of Park Hills, Missouri. Charles and Theresa are husband and wife. John is Theresa's brother. In 1998, Charles was employed as Chief of the fire department of Park Hills, and John was employed as a part-time firefighter with the department. Theresa was President of the fire department's ladies' auxiliary.

In early 1998, James Link, the City Administrator for Park Hills, proposed various changes within Park Hills' fire department, including changes to an emergency medical service regulation which precluded certain firefighters from responding to emergency medical calls. In response to the proposed changes, Theresa approached Link and expressed her dissatisfaction. Sometime thereafter, Link stopped Charles and John at an intersection in the city and told them they were in jeopardy of losing their jobs if they did not censure Theresa. Later, Theresa had her name put on the agenda for an upcoming City Council meeting so she could speak out against the proposed changes to the regulation. Before her scheduled appearance at the City Council meeting, Charles was removed from his position as fire chief. At approximately the same time, the ladies' auxiliary was ordered to disband. Several months later, Charles was removed from the fire department entirely.

Theresa attended the City Council meeting along with John. John addressed the Council regarding what he believed was the illegal employment of a minor on the fire department, and claimed the new fire chief was attempting to hide the violation. John was fired from his part-time position with the department the following day.

After Charles's removal as fire chief and John's termination, Theresa continued to voice her dissatisfaction to the City Council on a number of issues. She criticized Link and the City Council on issues related to labor violations, unlawful staffing of the fire department, competency of fire department personnel, and an ordinance requiring citizens wanting to appear before the Council to submit written comments for pre-approval. Theresa claims she was ridiculed and humiliated by Link, individual Council members and the Council as a whole in retaliation for her public speech. She alleges Link made derogatory comments to her in public places, and he or members of the Council posted a picture in a local grocery store of her home which bore the caption "The Naucke house. Donations needed." Theresa also alleges she was the subject of a letter which circulated around town stating one of her children had been fathered by Link.

Theresa brought suit under § 1983 claiming the actions of the City Council and Link, in response to her exercise of free speech, caused damage to her reputation, personal humiliation, disgrace, and mental anguish and suffering. She alleged she was no longer able to go out in public in Park Hills, and, for the first time on appeal, alleges she has sustained economic damages because of Charles' termination as fire chief. Charles and John also brought suit under § 1983 alleging, among other things, Link and the City Council retaliated against them because of Theresa's and John's public speech. Link and Park Hills moved for summary judgment. The district court dismissed Theresa's claim finding she had failed to state a claim for damages cognizable under § 1983, and had failed to establish a causal connection between the damages claimed and any actions of the Appellees. The district court denied the motion for summary judgment as to Charles and John, and the case proceeded to trial.

On November 6, 2000, a jury returned a verdict in favor of Charles and John. The jury determined Charles lost his job as a direct result of his support for Theresa's speech rights. He was awarded back pay of $8,542, emotional distress damages of

$50,000, and punitive damages of $100,000.  The jury found John had been removed from the fire department as a direct result of the exercise of his own free speech rights and awarded him $6,750 in back pay, $10,000 for emotional damages, and $30,000 in punitive damages.  Link moved for judgment as a matter of law (JAML) arguing the evidence was insufficient to support the verdicts and the damages awards.  The district court denied the motion and this appeal followed.

## II.

### A.    Theresa Naucke - Summary Judgment.

We review a grant of summary judgment de novo, applying the same standard as the district court.  Jaurequi v. Carter Mfg. Co., 173 F.3d 1076, 1085 (8th Cir. 1999).  Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment shall be awarded to a party if there exists no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.  When ruling on a summary judgment motion, a court must view the evidence "in the light most favorable to the nonmoving party."  Dush v. Appleton Elec. Co., 124 F.3d 957, 962-63 (8th Cir. 1997) (citing F. D. I. C. v. Bell, 106 F.3d 258, 263 (8th Cir. 1997)).  However, a 'nonmovant must present more than a scintilla of evidence and  must advance specific facts to create a genuine issue of material fact for trial.'  Bell, 106 F.3d at 263 (quoting Rolscreen Co. v. Pella Prods. of St. Louis, Inc., 64 F.3d 1202, 1211 (8th Cir. 1995)).  In order to survive a motion for summary judgment under § 1983, the plaintiff must raise a genuine issue of material fact as to whether (1) the defendant acted under color of state law, and (2) the alleged wrongful conduct deprived the plaintiff of a constitutionally protected federal right.  Wade v. Goodwin, 843 F.2d 1150, 1151-52 (8th Cir. 1988).

Theresa's complaint alleges "damage to her reputation, personal humiliation, disgrace, mental anguish and suffering" resulting from Appellees' § 1983 violations.[2] Theresa claims Appellees retaliated against her exercise of free speech rights by (1) conducting a public audit of the fire department's ladies' auxiliary while she was President, (2) publicly scolding her at City Council meetings, (3) engaging in public name calling, (4) posting a picture of her home in a public place with the caption "The Naucke House. Donations Needed.", and (5) circulating a letter suggesting Link was the father of one of her children. The district court held the injuries claimed were insufficient as a matter of law to support Theresa's First Amendment claim or were not traceable to any actions taken by Appellees.

"[C]riticism of public officials lies at the very core of speech protected by the First Amendment." Colson v. Grohman, 174 F.3d 498, 507 (5th Cir. 1999) (citing New York Times Co. v. Sullivan, 376 U.S. 254, 269-70 (1964)). Retaliation by a government actor in response to such an exercise of First Amendment rights forms a basis for § 1983 liability. Pendleton v. St. Louis County, 178 F.3d 1007, 1011 (8th Cir. 1999). To establish a claim for retaliation under § 1983, a plaintiff must show "she was engaged in constitutionally protected activity, that [the government official's] adverse action caused her to suffer an injury which would 'chill a person of ordinary firmness from continuing . . . in that activity,' and that the adverse action was motivated in part by . . . exercise of her constitutional rights." Carroll v. Pfeffer, 262 F.3d 847, 850 (8th Cir. 2001) (quoting Bloch v. Ribar, 156 F.3d 673, 678 (6th Cir. 1998)).

We believe Theresa's criticism of the City Council and City Administrator is the type of speech intended to be protected by the First Amendment. Further, we

---

[2]Theresa alleges she also sustained economic damages flowing from Charles' demotion. This allegation was not made in the district court, and we will not consider an argument asserted for the first time on appeal. Berg v. Norand Corp., 169 F.3d 1140, 1145 (8th Cir. 1999).

assume, without deciding, that any retaliatory action taken against Theresa by members of the City Council and Link was motivated in part by exercise of her protected First Amendment rights. We disagree, however, that the actions attributed to the City Council and Link were sufficiently egregious to "chill a person of ordinary firmness from continuing . . . in that [constitutionally protected] activity." <u>Bloch</u>, 156 F.3d at 678.

In some cases, embarrassment, humiliation and emotional distress may be sufficient to support a § 1983 claim. <u>Mattox v. City of Forest Park</u>, 183 F.3d 515, 521 (6th Cir. 1999). But, "'it would trivialize the First Amendment to hold that harassment for exercising the right of free speech was always actionable no matter how unlikely to deter a person of ordinary firmness from that exercise.'" <u>Bloch</u>, 156 F.3d at 679 (quoting <u>Bart v. Telford</u>, 677 F.2d 622, 625 (7th Cir. 1982)); <u>cf.</u> <u>Bechtel v. City of Belton</u>, 250 F.3d 1157, 1162 (8th Cir. 2001) (holding that not all adverse action taken against a public employee in retaliation for exercising First Amendment rights is sufficient to support a cause of action under § 1983). The harassing comments Theresa attributes to Link and members of the City Council were offensive, unprofessional and inappropriate. The embarrassment, humiliation and emotional distress she alleges as a result of these comments, however, would be insufficient to deter a person of ordinary firmness from continuing to speak out. Indeed, the record reflects Theresa, in the face of these comments, continued to speak out against Link and the City Council on numerous occasions.

Additionally, Theresa has failed to present evidence of a causal connection between Appellees and several of the retaliatory acts she has alleged. "[I]t is enough that the defendant's fault was a substantial factor in producing the plaintiff's injuries, and the defendant's fault need not be the sole proximate cause in order to allow recovery." <u>Ricketts v. City of Columbia</u>, 36 F.3d 775, 779 (8th Cir. 1994). But, while causation is generally a jury question, it can provide the basis for summary judgment when "the question is so free from doubt as to justify taking it from the

jury." Id. No evidence connects Link or Park Hills to the photograph of the Naucke home or the letter. Similarly, comments made by Theresa's employer and other residents of Park Hills suggesting she quit speaking out are not traceable to any action taken by Appellees in retaliation for her exercise of a constitutionally protected right. Because Theresa has failed to establish a violation of her constitutional rights, she has failed to state a claim under § 1983. Accordingly, we affirm the district court's dismissal of her claim.

B.     Attorney's Fees.

Charles and John appeal the district court's denial of attorney's fees for 27.9 hours of attorney time spent in pursuit of Theresa's unsuccessful claim. Prevailing parties should ordinarily recover fees unless circumstances make an award unjust. Little Rock Sch. Dist. v. Pulaski County Special Sch. Dist. No. 1, 17 F.3d 260, 262-63 (8th Cir. 1994). We review the determination of prevailing party status de novo. Jenkins v. State of Mo., 127 F.3d 709, 713-14 (8th Cir. 1997). As prevailing parties, Charles and John were awarded $112,190 in attorney's fees. Theresa, however, was not a prevailing party because her claim was dismissed. Accordingly, the district court properly denied any additional award of attorney's fees.

C.     James Link - Sufficiency of the Evidence.

Link appeals the district court's denial of his motion for JAML, arguing there was insufficient evidence to find he violated Charles's and John's constitutional rights. We review the denial of a motion for JAML de novo. Cardenas v. AT&T Corp., 245 F.3d 994, 998 (8th Cir. 2001). The evidence is viewed in the light most favorable to the verdict and the verdict will be reversed only if no reasonable jury could have returned a verdict for the non-moving party. Id. In a claim under § 1983, there must be evidence of a causal connection between the misconduct complained of and the official sued. Harris v. Pirch, 677 F.2d 681, 685 (8th Cir. 1982).

Plaintiffs presented evidence that Theresa confronted Link about changes he proposed within the fire department and he reacted angrily. Later, Link stopped Charles and John and threatened their employment if they did not censure Theresa. When Theresa continued speaking out, Charles was removed as fire chief and later fired from the department. Similarly, when John exercised his free speech rights he was fired from the department. Link argues it was the City Council or other members of city government who made the employment decisions, and his involvement was limited to ministerial acts, i.e., drafting letters for others. We believe, however, the jury could reasonably have concluded Link improperly influenced the decision-making process, and was able to make good on his threat to have Charles and John terminated.

Finally, Link appeals the district court's denial of his motion for JAML on the issue of punitive damages, arguing the award was not supported by the evidence. Unlike compensatory damages, which are mandatory and are awarded as a matter of right once liability is established, punitive damages are awarded or rejected in a particular case at the discretion of the fact finder once sufficiently serious misconduct by the defendant is shown. Smith v. Wade, 461 U.S. 30, 52 (1983). The focus is on the intent of the defendant and whether the offensive conduct calls for deterrence and punishment over and above that provided by compensatory awards. Id. at 54. Punitive damages are appropriate in a § 1983 case "'when the defendant's conduct is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others.'" Walters v. Grossheim, 990 F.2d 381, 385 (8th Cir. 1993) (quoting Smith, 461 U.S. at 56).

We believe the evidence was sufficient to support an award of punitive damages. Link threatened to have Charles and John fired if they did not stop Theresa from exercising a constitutionally protected right. When Theresa persisted, she was disparaged and insulted, Charles was removed as fire chief and ultimately fired from the department. A similar fate befell John after he chose to speak out publicly about

fire department policy.  The jury could have reasonably concluded these actions were motivated by an evil intent or taken in reckless or callous disregard of the Plaintiffs' federally protected rights.  Because the evidence was sufficient to support the jury's verdicts and damages awards, we affirm the district court's denial of Link's motion for JAML.

III.

The judgment of the district court is affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.