# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-3594EA

_____

Dr. Ruth Simmons Herts,          *

                 Appellee,        *

       v.                   *

Dr. Gary Smith, Individually acting    *
under the color of state law and in his  *
official capacity as the Superintendent  *
of Education of the Pulaski County    *
Special School District; Eugene      *
Manfredini, Individually acting under  *   On Appeal from the United
the color of state law in his official    *   States District Court
capacity as the President of the Board  *   for the Eastern District
of Education of the Pulaski County    *   of Arkansas.
Special School District; Pat O'Brien,  *
Individually acting under the color of  *
state law and in his official capacity as  *
the Vice-President of the Board of     *
Education of the Pulaski County      *
Special School District; Gwendolyn   *
Williams, Individually acting under the  *
color of state law in her official       *
capacity as the Secretary of the Board  *
of Education of the Pulaski County    *
Special School District; James R.     *
Burgett, Individually acting under the   *
color of state law and in his official    *
capacity as a member of the Board of   *

Education of the Pulaski County     *
Special School District; Ruth White     *
Tucker, Individually acting under the     *
color of state law and in her official     *
capacity as a member of the Board of     *
Education of the Pulaski County     *
Special School District; Mildred C.     *
Tatum, Individually acting under the     *
color of state law and in her official     *
capacity as a member of the Board of     *
Education of the Pulaski County     *
Special School District; Pam Roberts,     *
Individually acting under the color of     *
state law and in her official capacity as     *
a member of the Board of Education of     *
the Pulaski County Special School     *
District; and the Pulaski County     *
Special School District,     *
    *
        Appellants.     *

_____

Submitted: April 18, 2003

Filed: October 6, 2003   (**Corrected 10/8/03**)
_____

Before BOWMAN, RICHARD S. ARNOLD, and BYE, Circuit Judges.
_____

RICHARD S. ARNOLD, Circuit Judge.

This is an interlocutory appeal from a denial of summary judgment on the issue of qualified immunity from suit.

Dr. Ruth Herts alleges that Dr. Gary Smith, Superintendent of the Pulaski County Special School District, failed to renew her employment contract as a result

of her testimony at a hearing on a desegregation case involving the School District, thus violating her rights under the First Amendment, the Due Process and Equal Protection Clauses of the Fourteenth Amendment, and Title VII. Defendants deny any violation of Dr. Herts's rights and assert that they did not discriminate against her. They further assert that they are entitled to qualified immunity from such claims. The defendant School District pleads a defense under the Eleventh Amendment.

The most important issue in the case, in our view, is the First Amendment claim. A principal question relevant to that issue is whether Dr. Herts's speech was protected. The District Court held that it was. The Court first held the speech to be of public concern. See Connick v. Myers, 461 U.S. 138, 146 (1983). Next, the District Court held that Dr. Herts's right to comment on matters of public concern, under the circumstances of this case, outweighed the defendants' interest in promoting the efficiency of the public service they were performing. See Pickering v. Board of Education, 391 U.S. 563, 568 (1968). The District Court held that material factual disputes existed which required denial of summary judgment for the defendants on their defense of qualified immunity. This interlocutory appeal followed. For the reasons given below, we affirm in part, reverse in part, and dismiss in part for want of jurisdiction.

I.

This Court reviews the rejection of a qualified-immunity defense de novo. Burnham v. Ianni, 119 F.3d 668, 673 (8th Cir. 1997) (en banc). We examine the facts alleged, or supported by the summary-judgment record, to see whether they support a claim that the defendants violated clearly established law. See Pace v. City of Des Moines, 201 F.3d 1050, 1052 (8th Cir. 2001).

Plaintiff first argues that the notice of interlocutory appeal is flawed because it referred to an order that did not exist, an order denying the plaintiff's motion for

summary judgment on the issue of qualified immunity. The intention of the drafter of the notice was obviously to refer to defendants' motion. It was only defendants who made a motion for summary judgment on this issue. Plaintiff did not. This is a mere clerical mistake that caused no prejudice to plaintiff. Accordingly, it should not be held against the appealing defendants. See Foman v. Davis, 371 U.S. 178, 181 (1962). We reject this ground for dismissing the appeal.

Plaintiff next suggests that we lack jurisdiction because the order of which review is sought is not final. Certainly it is true that an order denying a motion to dismiss, or for summary judgment, is not normally immediately appealable. It is not a final order. Pendleton v. St. Louis County, 178 F.3d 1007, 1010 (8th Cir. 1999). The Supreme Court, however, has carved out an exception to this rule of finality for cases involving the defense of qualified immunity. See Behrens v. Pelletier, 516 U.S. 299, 307 (1996). A denial of summary judgment on the ground of qualified immunity "may be reviewed on interlocutory appeal when the issue presented 'is a purely legal one: whether the facts alleged [or shown by the summary-judgment record] . . . support a claim of violation of clearly established law.' " Pace , 201 F.3d at 1052 (quoting Mitchell v. Forsyth, 472 U.S. 511, 528 n.9 (1985)). Here, on defendants' motion for summary judgment, the District Court did rule on the defense of qualified immunity. The question brought up for review, therefore, is whether under the facts established by the summary-judgment record, defendants violated "clearly established law." Johnson v. Jones, 515 U.S. 304, 313 (1995).

II.

The Supreme Court has defined qualified immunity as follows:

> [G]overnment officials performing discretionary functions, generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established

-4-

> statutory or constitutional rights of which a reasonable person would have known.

Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). The determination of whether qualified immunity is applicable in given circumstances is one of "objective reasonableness." Schleck v. Ramsey County, 939 F.2d 638, 641 (8th Cir. 1991). The issue is not "whether the defendant acted wrongly, but whether reasonable persons would know they acted in a manner which deprived another of a known constitutional right." Sparr v. Ward, 306 F.3d 589, 593 (8th Cir. 2002). The defendant bears the burden of proof on this affirmative defense. Ibid.

## A. First Amendment Claim

Because Dr. Herts's speech was job-related, defendants argue, it cannot be considered a matter of public concern, and so is not protected. See Buazard v. Meridith, 172 F.3d 546, 548 (8th Cir. 1999). They focus specifically on Dr. Herts's comments about her own position, which they characterize as "directed at her private and very personal concerns about her own employment situation." Reply Br. 4. However, the testimony at issue was given by Dr. Herts when she was called as a witness by the Joshua intervenors in the desegregation case of Little Rock School District v. Pulaski County Special School District, No. 4:82CV00866 (E.D. Ark.), a highly publicized case that began in 1982. In this testimony, Dr. Herts was asked to answer questions about the proposed combination of the Desegregation Office and the Pupil Personnel Office, and the impact this change would have on her position as Director of Equity. She was questioned as to whether she had been asked for her analysis of any activity the administration had implemented in the past year, and about whether she was involved in the proposed plan for reorganizing the attendance zones of Bates and Landmark schools. She was also questioned about the purpose and existence of the Bi-Racial Committee, and about the information presented to intervenors in response to a request under the Freedom of Information Act. It was in

-5-

her capacity as Director of Equity, testifying under subpoena, that she remarked that her truthful responses might place her job in jeopardy. In context, Dr. Herts's speech was certainly on a matter of public concern.

In order to determine whether her speech is protected under the First Amendment, her interest in speech on matters of public concern must also be balanced against the interest of the state, as an employer, in efficient public service through its employees. Pickering, 391 U.S. at 568. Defendants make no argument that Dr. Herts's speech interfered with the efficient public service of their employees, but simply rely on their argument that her contract was not renewed because of ongoing problems with her work. Subpoenaed testimony on a matter of public concern in ongoing litigation regarding the effectiveness of school desegregation programs can hardly be characterized as defeating the interests of the state in efficient public service through its employees. Dr. Herts's speech therefore qualifies as protected speech.

Given Dr. Herts's position as Director of Equity, and the nature of the questions she was asked during her testimony, it would have been unusual indeed if she had not discussed the obligations and problems associated with her job in this context. Defendants' characterization of this testimony as addressing a matter of private concern, primarily a personnel dispute, is neither accurate nor complete.

It remains to discuss the issue of causation. Defendants assert that Dr. Herts would have been terminated anyway for other reasons, so there is no First Amendment violation. On this interlocutory appeal, we must take care to limit our review to the issue of qualified immunity, and to other questions of law that are "inextricably intertwined" with it. See Swint v. Chambers County Commission, 514 U.S. 35, 51 (1995). In Kincade v. City of Blue Springs, 64 F.3d 389, 395 (8th Cir. 1995), we held the following:

However, we conclude that the Appellants' argument that Kincade [the plaintiff] has presented insufficient evidence to establish that his . . . speech caused his termination is not "inextricably intertwined" with the qualified immunity claims. This causation argument presents significantly different issues.

Accordingly, we declined review of the causation issue. The <u>Kincade</u> holding is binding on this panel. To the extent that defendants, on this interlocutory appeal of the rejection of their defense of qualified immunity, argue that the non-renewal of Dr. Herts's contract was caused by some factor other than a constitutional or statutory violation, we have no jurisdiction, and the appeal is dismissed as to the issue of causation.

On the whole, we cannot say that the record establishes, with the clarity necessary for summary judgment, that defendants reasonably believed that they were not violating Dr. Herts's First Amendment rights. The District Court's decision to deny qualified immunity on this claim was correct.

## B. Due Process Claims

Defendants argue that they have qualified immunity from suit for violations of Dr. Herts's due process rights. Once it is determined that some process is required, it remains to be determined what kind of process is due. <u>Cleveland Bd. of Educ. v. Loudermill</u>, 470 U.S. 532, 541 (1985). Due process generally requires that certain procedures be met; a plaintiff must receive adequate notice and " 'the opportunity to be heard' . . . . at a meaningful time and in a meaningful manner." <u>Armstrong v. Manzo</u>, 380 U.S. 545, 552 (1965), quoting <u>Grannis v. Ordean</u>, 234 U.S. 385, 394 (1914).

Defendants argue that Dr. Herts received adequate notice that her contract would not be renewed, and that she received a full hearing with an opportunity for response. We agree. She received notice of the non-renewal of her contract by hand-delivered letter on April 24, 2001, from Dr. Gary Smith, Superintendent of the Pulaski County Special School District. This letter offered detailed reasons for the non-renewal and stated, "You have a right to a hearing on this recommendation before the school board." Appellants' App. vol. 1, at 63-65. Details of the procedures for requesting and arranging a time for the hearing were explained. Dr. Herts did request, and was granted, a hearing on June 7, 2001. Dr. Herts was represented by counsel, who cross-examined seven witnesses called by the District to support the recommendation of non-renewal, and she herself testified at length in response. Because Dr. Herts did receive adequate notice and a full hearing on the non-renewal of her contract, we find no clear violation of her procedural due process rights, which would be required in order to affirm the denial of summary judgment on the affirmative defense of qualified immunity. Her failure to persuade the Hearing Board[1] to reverse the decision not to renew her contract does not negate this defense if, as here, adequate procedures were followed. Plaintiff argues that certain procedural irregularities occurred before and during the hearing, but these, in our opinion, do not even arguably rise to the level of constitutional violations.

To determine whether a violation of an individual's substantive due process rights has occurred, the question is whether the officials acted in an arbitrary or capricious manner, or so as to shock the conscience. County of Sacramento v. Lewis, 523 U.S. 833, 845-46 (1998); Harrah Independent School District v. Martin, 440 U.S. 194, 198 (1979) (per curiam). The constitutional right to substantive due process includes a right to be "free from discharge for reasons that are 'arbitrary and

_____

[1]The Hearing Board was composed of the seven members of the Pulaski County Special School District Board of Education. Both Dr. Herts and the Board were represented by counsel.

capricious,' or in other words, for reasons that are trivial, unrelated to the education process, or wholly unsupported by a basis in fact." North Dakota State University v. United States, 255 F.3d 599, 605 (8th Cir. 2001). As this Court has most recently stated, "an official's conduct must generally be intended to inflict harm to be conscience shocking in the constitutional sense." Hawkins v. Holloway, 316 F.3d 777, 788 (8th Cir. 2003) (finding a substantive due process violation where a sheriff threatened to shoot employees with a loaded handgun).

Although the non-renewal of Dr. Herts's contract may be constitutionally suspect for other reasons, it cannot be said to rise to the level of conscience-shocking. The reasons given for the non-renewal of Dr. Herts's contract were not trivial, nor were they wholly unsupported. Nor can the non-renewal be described as arbitrary or capricious action. Defendants were entitled to summary judgment on the ground of an affirmative defense of qualified immunity for the claims of procedural and substantive due process violations. We reverse the denial of summary judgment on qualified immunity grounds for the due process violations.

## C. Equal Protection and Title VII Claims

The trial court held that there were material factual disputes pertaining to Dr. Herts's job performance that had to be resolved in order to determine whether deficient job performance was a pretext for the non-renewal of her employment contract based on race. Because of these disputes a grant of qualified immunity for the appellants was denied.

To make out a prima facie case of discrimination under the Equal Protection Clause of the Fourteenth Amendment, or under Title VII, a plaintiff need show only that she is a member of a protected class, was qualified for her position, and suffered an adverse employment action. Under McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973), "a plaintiff's *prima facie* case, combined with sufficient evidence to find

that the employer's asserted justification is false, may permit the trier of fact to conclude that the employer unlawfully discriminated." Reeves v. Sanderson Plumbing Products, Inc., 530 U.S. 133, 147-48 (2000).

As appellants concede, Dr. Herts has made a prima facie case of discrimination in violation of the Equal Protection Clause and under Title VII, both of which require proof of intentional discrimination. Since there is no question that intentionally discriminatory actions on the part of governmental officials would not be entitled to qualified immunity, appellants cannot rely on this affirmative defense. We therefore affirm the denial of summary judgment on the grounds of qualified immunity with respect to these claims.

## D. Eleventh Amendment

The defendant Pulaski County Special School District contends that it is a state agency, immune from suit under the Eleventh Amendment, because it is a political subdivision of the State of Arkansas. The District Court rejected this argument, and so do we. The Supreme Court of Arkansas has held that school districts are not state agencies, but public corporations which may sue and be sued. Dermott Special School District v. Johnson, 343 Ark. 90, 94-96, 32 S.W.3d 477, 479-80 (2000).

## III.

Defendants also appeal the District Court's denial of their request that the plaintiff's pendent state-law claim under the Arkansas Teacher Fair Dismissal Act be dismissed. As we have explained, our jurisdiction of this interlocutory appeal rests solely on the doctrine of qualified immunity. We are not aware of any authority that applies this doctrine of federal law to state-law claims. Accordingly, to the extent that the appeal asks reversal on the Arkansas Teacher Fair Dismissal Act claim, it is dismissed for want of jurisdiction.

IV.

To summarize: as to the First Amendment, Equal Protection, and Title VII claims, the District Court's rejection of the defense of qualified immunity is affirmed. As to the Due Process claims, the District Court's rejection of the qualified-immunity defense is reversed, and these claims should be dismissed with prejudice on remand. With respect to the claim under the state statute, the appeal is dismissed for want of jurisdiction, so the claim will remain pending in the District Court.

Affirmed in part, reversed in part, dismissed in part, and remanded with instructions.

BYE, Circuit Judge, concurring in part and dissenting in part.

I dissent from the majority's decision to reverse the district court's denial of summary judgment as to Dr. Herts's alleged due process violations. Because the qualified immunity issue was not adequately addressed in the district court, I would remand for further proceedings. I join the opinion in all other respects.

Dr. Herts contends she was not given access to a letter written by a school board member to the superintendent accusing him of racially discriminatory employment practices. Further, Dr. Herts contends she was not told the school board requested the letter's author recuse herself from Dr. Herts's non-renewal proceedings. Dr. Herts argues those actions rendered the non-renewal hearing process unfair - and thus violative of her due process rights - because evidence bearing on the superintendent's and the school board's racial bias was withheld from her and her attorney.

Our review of Dr. Herts's due process claims is limited to determining whether these allegations rise to the level of a constitutional violation and, if so, whether the

-11-

rights violated were clearly established.  See Wilson v. Lawrence County, 260 F.3d 946, 951 (8th Cir. 2001).  Unfortunately, the district court's order denying qualified immunity gives no clear indication of whether it analyzed the due process claims along these lines.  Accordingly, we lack jurisdiction to consider them and should remand the case for further proceedings consistent with our qualified immunity jurisprudence.  See Entergy, Ark., Inc. v. Nebraska, 241 F.3d 979, 991 (8th Cir. 2001).

I join majority the opinion in all other respects.

_____