**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted July 27, 2011[*]
Decided August 4, 2011

**Before**

RICHARD D. CUDAHY, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

No. 11-1463

| | |
|---|---|
| JOHN C. WEICHMAN, JR.,<br>*Plaintiff-Appellant*, | Appeal from the United States District<br>Court for the Eastern District of Wisconsin. |
| *v.* | No. 09-CV-740 |
| DAVID A. CLARKE, JR., et al.,<br>*Defendants-Appellees*. | J. P. Stadtmueller,<br>*Judge.* |

**O R D E R**

Police in Milwaukee, Wisconsin, arrested John Weichman after he failed to appear for a court hearing. Weichman was held at Milwaukee County Jail for several days and then released on bail. He sues under 42 U.S.C. § 1983, claiming that officers falsely arrested him, unlawfully detained him, and denied him medical care. The district court granted summary judgment for the defendants, and Weichman appeals. We affirm the judgment.

---

[*]After examining the briefs and record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and record. *See* FED. R. APP. P. 34(a)(2)(C).

We begin with the factual record. Because Weichman did not properly respond to the defendants' proposed findings of fact, the district court accepted their facts as undisputed. Weichman's complaint and the affidavit he submitted in response to the defendants' motion for summary judgment were both sworn, however, and therefore may contain admissible evidence. *See Ford v. Wilson*, 90 F.3d 245, 246 (7th Cir. 1996). We incorporate these documents in our analysis and note where the facts are disputed.

According to the defendants, Weichman received a ticket from a Milwaukee police officer on July 18, 2008, for driving while under the influence of a controlled substance, his third offense of this kind. The officer issued the citation based on observations that Weichman had a strong odor of alcohol on his breath and Weichman's admission that he had been drinking; Weichman also submitted to a blood test. The citation required that Weichman appear in Milwaukee Circuit Court on February 11, 2009. He was also served by mail with a complaint and summons one month before the required court appearance. The complaint stated that the results of the blood test showed that there had been cocaine in Weichman's system on July 18, 2008. Weichman admits that he was involved in a traffic accident on July 18, 2008, but denies that he ever received a citation or notice of the hearing.

Weichman did not attend the hearing, and the court issued a warrant for his arrest. Shortly after midnight on Thursday, March 5, 2009, Weichman was arrested and booked at Milwaukee County Jail. During his health screening Weichman reported that he was taking medications for chronic lung disease, anxiety, and pain from a recent shoulder surgery. Weichman showed signs of alcohol dependence, alcohol withdrawal, and opiate dependence. Because of the interactions between alcohol and these other drugs, Dr. Grebner, the jail's medical director, determined that Weichman should not receive his opiate-based pain medication or anxiety medication. Weichman accepted ibuprofen for his shoulder pain, and he did not complain of any breathing trouble while at the jail. Weichman says that under jail policy he was denied access to any medical care and was prohibited from taking his prescription drugs.

On Thursday, the same day as his arrest, the court set Weichman's bond at $750 and ordered him turned over, upon release, to Wisconsin Community Services (WCS) to participate in its Repeat Intoxicated Driver Program. Weichman posted bond at about 9:00 pm on Thursday. Staff at WCS check the jail logs each weekday morning for inmates that must report to the program, and then fax to the jail a list of the people that WCS will transport on that day. Weichman was not listed on the fax from WCS for the next weekday, Friday, so he was not released to WCS until Monday morning, when he was listed.

In this suit containing various federal and pendent state-law claims, Weichman has named as defendants David Clarke (Milwaukee County Sheriff), Milwaukee County, and

other "John Does." Weichman filed two motions for recruitment of counsel and a motion to compel discovery, all of which the district court denied. The defendants moved for summary judgment, and three weeks later, Weichman filed what he titled a motion for summary judgment and response to the defendants' motion. Since the deadline for dispositive motions had passed, the district court treated Weichman's filing as a response rather than an independent motion. In the response Weichman clarified that "there are no state law claims anywhere in this action." Also, although he had obtained the actual names of the "John Doe" defendants, he never amended his complaint to name them.

The district court granted the defendants' motion for summary judgment for the federal claims of false arrest, unlawful detention, and denial of medical care. Having accepted the defendants' proposed facts, it found undisputed that Weichman was cited for driving under the influence of a controlled substance. It therefore concluded that probable cause existed to arrest Weichman, defeating his false-arrest claim. The court next reasoned that because the state had an interest in placing conditions on Weichman's release, his claim that he was unlawfully detained until police turned him over to WCS failed. Finally, the court found that the defendants had submitted unrebutted evidence that Weichman received an adequate level of care. The remaining allegations of federal violations were unsubstantiated, and any state-law claims were abandoned.

Weichman has failed to respond to any of the district court's reasoning on appeal. Instead, he contends that he can now produce ample evidence to support his factual allegations and submits additional evidence along with his appellate brief. But we may only consider evidence properly presented to the district court. *See Hernandez v. HCH Miller Park Joint Venture*, 418 F.3d 732, 736 (7th Cir. 2005); *United States v. Elizalde-Adame*, 262 F.3d 637, 640 (7th Cir. 2001). Weichman continues to argue that he was not issued a citation and that the citation the defendants produced is fabricated. He also challenges the district court's refusal to recruit counsel and to compel discovery.

There are numerous problems with Weichman's case. First, the parties that Weichman has named in this litigation limit his ability to recover. Because he declined to use their actual names after discovering them, Weichman's "John Doe" defendants cannot survive summary judgment. *See Williams v. Rodriguez*, 509 F.3d 392, 402 (7th Cir. 2007); *Alejo v. Heller*, 328 F.3d 930, 936 (7th Cir. 2003). Also, the named parties are limited to municipal-liability only. Specifically, Milwaukee County may be liable for monetary damages under § 1983 only if Weichman presents evidence that a county policy, widespread practice, or custom caused his injuries. *Monell v. Dep't of Soc. Svcs.*, 436 U.S. 658, 690-91 (1978); *Waters v. City of Chicago*, 580 F.3d 575, 580-81 (7th Cir. 2009). The same is true for any claims against Sheriff Clarke, *see Grieveson v. Anderson*, 538 F.3d 763, 771 (7th Cir. 2008); *Pourghoraishi v.*

*Flying J, Inc.*, 449 F.3d 751, 765 (7th Cir. 2006), because Weichman has not alleged Clarke's personal involvement in any of the events at issue.

    With these principles in mind, we turn first to Weichman's claim that he was unconstitutionally denied medical treatment in the jail. We accept Weichman's sworn assertion that he requested medications and did not receive them. But beyond that, Weichman presents no competent evidence to support a finding of a county policy or widespread practice of any kind related to inmate medical care. Although he alleges in his sworn complaint that jail policy mandated that he receive no care, conclusory assertions without substantiation of such a policy, such as internal records, policymaker statements, or evidence of repeated violations, will not defeat a motion for summary judgment. *See Lewis v. City of Chicago*, 496 F.3d 645, 656 (7th Cir. 2007); *Helvey v. City of Maplewood*, 154 F.3d 841, 843-45 (8th Cir. 1998); *Collignon v. Milwaukee Cnty.*, 163 F.3d 982, 989 (7th Cir. 1998); *Zahra v. Town of Southold*, 48 F.3d 674, 685 (2d Cir. 1995); *Strauss v. City of Chicago*, 760 F.2d 765, 768-70 (7th Cir. 1985).

    We turn next to Weichman's claim that he was unlawfully detained in the jail too long. The parties agree that Weichman posted bond on Thursday night at about 9:00 p.m., the jail could release him only to WCS, and the jail did not release him until Monday, the first day that WCS agreed to pick him up. Jail officials must have a legitimate reason for the length of detention after an arrestee has posted bond. *See Harper v. Sheriff of Cook Cnty.*, 581 F.3d 511, 514-15 (7th Cir. 2009); *see also Gramenos v. Jewel Cos.*, 797 F.2d 432, 437 (7th Cir. 1986); *Moore v. Marketplace Rest., Inc.*, 754 F.2d 1336, 1350-51 (7th Cir. 1985). And the defendants offer an undisputed one here. They explained that WCS, which is not a defendant, did not include Weichman in its faxed list of arrestees to be picked up from the jail on Friday, and by court order they could not release him until WCS arranged to pick him up, which occurred on Monday. Weichman provides no evidence that the four-day detention was for an improper purpose, and "in the absence of any evidence of improper purpose for the delay, we believe the government has provided a sufficient explanation." *Chortek v. City of Milwaukee*, 356 F.3d 740, 748 (7th Cir. 2004).

    This brings us to Weichman's false-arrest claim. On appeal he identifies two reasons that, he contends, disqualify the citation as a legitimate basis for his later arrest. First, he points out a perceived discrepancy between the citation and a statement the arresting officer signed after issuing the citation (the statement was not part of the record before the district court): The officer issued the citation based on his belief that Weichman had been drinking alcohol, but the citation states that he was under the influence of a "controlled substance." The officer could not have validly cited him on July 18, 2008, for driving under the influence of a controlled substance, Weichman says, because the state didn't learn until later that he had cocaine in his bloodstream. Second, Weichman argues that the state lacked authority to

arrest him in March 2009 because, he asserts, it was required under WIS. STAT. § 345.23 to summon him to a hearing within 90 days of the July 18 citation.

Even if we were to accept Weichman's premise that the citation is either invalid (for having lacked probable cause) or "expired" (by the lapse of 90 days), his claim for false arrest is still deficient. Weichman does not dispute that he was arrested pursuant to a warrant issued for failing to appear in court. An arrest warrant is presumed constitutional unless the arresting officer obtained it by intentionally or recklessly misstating material facts, and Weichman does not accuse any named defendant of doing that, let alone substantiate the accusation. *See Franks v. Delaware*, 438 U.S. 154, 171-72 (1978). A constitutional warrant forecloses a claim under § 1983 for false arrest. *See Sow v. Fortville Police Dep't*, 636 F.3d 293, 301-02 (7th Cir. 2011); *McBride v. Grice*, 576 F.3d 703, 706 (7th Cir. 2009). Weichman replies that the warrant should not have been issued because he never received a valid, unexpired citation or valid court summons, but the officer who arrested Weichman in March 2009 need only have acted in good faith upon the arrest warrant to bar any claim of false arrest. *See Brooks v. City of Aurora*, No. 10–3265, 2011 WL 2623507, at *4 n.5 (7th Cir. July 6, 2011); *Lawson v. Veruchi*, 637 F.3d 699, 703 (7th Cir. 2011). Weichman presents no evidence that any named defendant acted in bad faith in relying on the arrest warrant.

Finally, we address Weichman's challenges to the district court's procedural rulings. Weichman argues that he needed further discovery to respond to the defendants' motion for summary judgment, but if so he needed to move under Rule 56(f) (now Rule 56(d), *see* FED. R. CIV. P. 56 (effective Dec. 1, 2010)) and explain the reasons that he could not present facts essential to his opposition. *See Deere & Co. v. Ohio Gear*, 462 F.3d 701, 706 (7th Cir. 2006); *Easley v. Kirmsee*, 382 F.3d 693, 699 (7th Cir. 2004); *see also Abdulhaseeb v. Calbone*, 600 F.3d 1301, 1310 (10th Cir. 2010) (even pro se litigants must follow Rule 56(f)); *Walker v. Bowersox*, 526 F.3d 1186, 1188 (8th Cir. 2008) (same). The district judge also properly considered, under the framework provided in *Pruitt v. Mote*, 503 F.3d 647, 655 (7th Cir. 2007) (en banc), that Weichman's competent filings demonstrated that he was able to handle his case, and so reasonably decided not to recruit counsel for Weichman.

AFFIRMED.