_____

No. 95-3405

_____

Evelyn Susan Hafley,                  *
                                      *
            Appellee,                 *
                                      *   Appeal from the United States
       v.                             *   District Court for the
                                      *   Western District of Missouri.
Janette Lohman, Director,             *
Department of Revenue,                *
State of Missouri; James              *
Callis, Director, Department of       *
Revenue, State of Missouri;           *
Dean Powell, Assistant                *
Administrator, Field Services         *
Bureau, Department of Revenue,        *
State of Missouri; Rich Lamb,         *
Administrator, Field Services         *
Bureau, Department of Revenue,        *
State of Missouri; Raymond            *
Hune, Director, Division of           *
Motor Vehicle, Department of          *
Revenue, State of Missouri;           *
William Siedhoff, formerly,           *
Director, Division of Motor           *
Vehicle and Driver's Licensing,       *
Department of Revenue, State of *
Missouri State of Missouri;           *
Mary Ann Reuter, formerly,            *
Field Services, Manager,              *
Department of Revenue, State of       *
Missouri; Lynn Bexten,                *
Personnel Officer, Department         *
of Revenue, State of Missouri;        *
Zoe Lyle, Deputy Division             *
Director, Motor Vehicle and           *
Driver's Licensing, Department        *
of Revenue, State of Missouri;        *
Ellie James, formerly,                *
Administrator, Field Services         *
Bureau, Department of Revenue,        *
State of Missouri; William H.         *
Melcher, formerly, Deputy             *
Director and Acting Director,         *
Department of Revenue, State of *
Missouri,                             *
                                      *
            Appellant.                *

Submitted:  April 12, 1996

Filed:  July 19, 1996
_____

Before McMILLIAN, JOHN R. GIBSON, and BOWMAN, Circuit Judges.
_____

BOWMAN, Circuit Judge.

The sole issue in this case is whether the eleven defendants, current and former employees of the state of Missouri, are entitled to qualified immunity.  The District Court[1] denied the defendants' motion to dismiss the complaint on the basis of qualified immunity, and we affirm.

Evelyn Susan Hafley is an administrative coordinator with the field services bureau of the Missouri Department of Revenue.  In her complaint, Hafley alleges that defendant Ellie James instructed her "to hide a file containing information about the Department of Revenue's University City Fee Office" and "to say nothing about said file."  Complaint at ¶ 9. Hafley alleges that she refused to do as instructed because she believed that hiding the file would have been illegal.  She then reported the incident to defendant Dean Powell, who allegedly told her to follow James's instructions and "stay out of it."  Complaint at ¶ 11.  Hafley also alleges that she reported the instructions she had received from James and Powell to defendants Rich Lamb and Mary Ann Reuter.  She alleges that the defendants thereafter retaliated against her in a variety of ways for her attempts to report the actions of James and Powell and for her refusal to hide the file, which later allegedly was seized in a criminal investigation of the University City fee office.  She alleges that the defendants took these actions "to

_____

[1]The Honorable Fernando J. Gaitan Jr., United States District Judge for the Western District of Missouri.

-2-

punish Plaintiff for refusing to commit an illegal act and exercising her First Amendment rights," specifically the "right to exercise freedom of speech." Complaint at ¶¶ 16-17. The defendants have not filed an answer to the complaint. Instead, the defendants moved to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).

The District Court denied the motion to dismiss and the subsequent motion to reconsider "because there is insufficient evidence for the Court to weigh the applicability of defendants' assertion of qualified immunity. . . . Plaintiff is required to put defendants on notice by the filing of her complaint. This she has done." Hafley v. Lohman, No. 95-4078-CV-C-2, order at 1 (W.D. Mo. Sept. 7, 1995) (denying motion to reconsider order denying motion to dismiss) (citations omitted).

"The denial of a defendant's motion to dismiss on the grounds of qualified immunity, although interlocutory in nature, is a final appealable order within the meaning of 28 U.S.C. § 1291." Weaver v. Clarke, 45 F.3d 1253, 1255 (8th Cir. 1995). We review de novo a district court's order denying a motion to dismiss, viewing the allegations in the complaint in the light most favorable to the plaintiff. Id. We note that "qualified immunity is an affirmative defense," and "it will be upheld on a 12(b)(6) motion only when the immunity is established on the face of the complaint." Id. The defendants in this case are entitled to qualified immunity unless Hafley has alleged the violation of a constitutional right that was clearly established at the time of the alleged violation. Id. Like the District Court, we must accept the allegations of the complaint as true when considering a Rule 12(b)(6) motion to dismiss. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984). "[D]ismissal is inappropriate `unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" McCormack v. Citibank, N.A.,

979 F.2d 643, 646 (8th Cir. 1992) (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).

The defendants first contend that Hafley's complaint does not meet the heightened pleading standard that this Court has applied to "[c]omplaints seeking damages against government officials," Edgington v. Missouri Dep't of Corrections, 52 F.3d 777, 779 (8th Cir. 1995). They also contend that the Complaint fails to set forth specific acts committed by defendants Lohman, Callis, Hune, Siedhoff, Bexten, Lyle, and Melcher. Those issues, however, are not properly before us. While an interlocutory order that decides the issue of qualified immunity may be final and appealable under § 1291, a denial of a motion to dismiss for failure to state a claim is not a final appealable order. See United States v. Brakke, 813 F.2d 912, 913 (8th Cir. 1987) (per curiam); see also Gulfstream Aerospace Corp. v. Mayacamas Corp., 485 U.S. 271, 275-76 (1988) (noting that denial of motion to dismiss is not appealable unless it fits within "a `small class' of decisions that are appealable . . . even though they do not terminate the underlying litigation"). Thus we lack jurisdiction to consider the defendants' arguments regarding the sufficiency of the allegations in the complaint.

The defendants also contend that Hafley's complaint fails to allege that the defendants violated a constitutional right that was clearly established at the time of the alleged violation, thus showing that the defendants are entitled to qualified immunity on the face of the complaint. We disagree. We reiterate that we must accept the allegations in the complaint as true and construe all reasonable inferences therefrom in favor of Hafley at this early stage in the litigation. See McCormack, 979 F.2d at 646. In essence, Hafley alleges that she has been retaliated against for speaking to her supervisors about a matter of public concern, specifically an attempt to hide government records from an impending criminal investigation of the handling of public funds by

-4-

the Missouri Department of Revenue at its University City fee office.  At the time, it was clearly established that such retaliation could have violated the First Amendment.  See, e.g., Pickering v. Board of Educ., 391 U.S. 563, 574 (1968) ("statements by public officials on matters of public concern must be accorded First Amendment protection"); Kincade v. City of Blue Springs, 64 F.3d 389, 396 (8th Cir. 1995) ("We generally have held that speech about the use of public funds touches upon a matter of public concern."), cert. denied, 116 S. Ct. 1565 (1996).  In Dunn v. Carroll, 40 F.3d 287 (8th Cir. 1994), this Court stated that

> [a] disciplinary action against a public employee violates his First Amendment rights if:  (1) the conduct for which he was punished can be "fairly characterized as constituting speech on a matter of public concern," Connick v. Myers, 461 U.S. 138, 146, 103 S.Ct. 1684, 1690, 75 L.Ed.2d 708 (1983);  and (2) the interest of the employee in commenting on the matter of public concern outweighs the public employer's interest in promoting its efficiency by prohibiting the conduct.  Pickering v. Board of Educ., 391 U.S. 563, 568, 88 S.Ct. 1731, 1734-35, 20 L.Ed.2d 811 (1968).

Id. at 291.  Whether the protected speech is actually communicated to the public is irrelevant.  See Givhan v. Western Line Consol. Sch. Dist., 439 U.S. 410, 415-16 (1979) ("Neither the [First] Amendment itself nor our decisions indicate that this freedom is lost to the public employee who arranges to communicate privately with his employer rather than to spread his views before the public."); Cox v. Dardanelle Pub. Sch. Dist., 790 F.2d 668, 674 (8th Cir. 1986).  The defendants' argument that the allegations in the complaint fail to state a claim under Pickering is specious.  Under Pickering, courts must balance "the interest of the [public employee] as a citizen, in commenting upon matters of public concern, and the interest of the State, as an employer, in promoting the efficiency of the public services it performs through its employees."  Pickering, 391 U.S. at 568. Construing the allegations and all reasonable inferences therefrom in favor of

Hafley, it is clear that her interest in exposing an attempt to obstruct a criminal investigation into the handling of public funds outweighs the state's interest in the efficiency of its public services. The <u>Pickering</u> balance understandably favors the plaintiff when the test is based solely on the allegations in the complaint.

The defendants argue that the allegations in the complaint can be construed differently, that is, in a way such that Hafley's speech appears to be related only to internal department policies. Such an argument is irrelevant, as we must construe the complaint in the light most favorable to Hafley. The defendants also asserted at oral argument that the allegations are baseless. Hafley may indeed fail to prove her allegations at trial, but that is irrelevant to the consideration of the defendants' Rule 12(b)(6) motion to dismiss. Moreover, the defendants ultimately may establish that they are entitled to qualified immunity, but we agree with the District Court that they have not done so yet.

For the reasons stated, the order of the District Court denying the defendants' motion to dismiss on the basis of qualified immunity is affirmed.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.