**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUL 21 1998**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

MARIBOB L. HAMMETT,

      Plaintiff - Appellee,

v.

OKLAHOMA DEPARTMENT OF
MENTAL HEALTH & SUBSTANCE
ABUSE SERVICES, Sued as State of
Oklahoma ex rel; SHARRON
BOEHLER, in her individual capacity;
DWIGHT HOLDEN, MD, in his
individual capacity; J. B. PRATT,
MD, in his individual capacity;
LAVERN PHILLIPS, in her individual
capacity; PAUL BLEVINS, JD, in his
individual capacity; JOHN A. CALL,
PHD, JD, in his individual capacity;
BETTY PFEFFERBAUM, MD, JD, in
her individual capacity; and DUANE
STEBENS, Ed.D, in his individual
capacity,

      Defendants - Appellants.

No. 97-6374

(D.C. No. 96-CV-1333)

(W.D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before **ANDERSON**, **McKAY**, and **LUCERO**, Circuit Judges.

---

[*]This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

After examining the briefs and the appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Plaintiff Maribob Hammett brought an action against the State of Oklahoma, the Oklahoma Department of Mental Health and Substance Abuse Services [DMHSAS], and individual members of the Board of the DMHSAS in which she alleged a 42 U.S.C. § 1983 violation of her First and Fourteenth Amendment rights, a violation of Oklahoma's whistleblowing statute, and other state law claims including intentional infliction of emotional distress and wrongful termination. All of the defendants filed a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss all of Plaintiff's claims. The district court denied the motion to dismiss.

The individual members of the Board of DMHSAS [Defendants] appeal only the court's refusal to dismiss the First Amendment section 1983 claim on qualified immunity grounds. Plaintiff argues that disciplinary actions taken in retaliation against her as the Patient Advocate General for the DMHSAS violated her First Amendment right of free speech. Defendants contend that Plaintiff's First Amendment claim is barred because they are entitled to qualified immunity, and they assert that the district court's denial of their Rule 12(b)(6) motion to

dismiss is immediately appealable because it was purely a legal decision.

Orders denying qualified immunity before trial are immediately appealable when they resolve issues of law. See Behrens v. Pelletier, 516 U.S. 299, 311, 313 (1996); Johnson v. Jones, 515 U.S. 304, 312-14 (1995); Clanton v. Cooper, 129 F.3d 1147, 1152 (10th Cir. 1997). This court summarized when the denial of qualified immunity is appealable in Foote v. Spiegel:

> A determination that the law allegedly violated by the defendant was clearly established at the time of the challenged actions is an abstract issue of law that is immediately appealable. A determination that under either party's version of the facts the defendant violated clearly established law is also immediately appealable. However, government officials cannot appeal pretrial denial of qualified immunity to the extent the district court's order decides nothing more than whether the evidence could support a finding that particular conduct occurred. An order denying qualified immunity on summary judgment is not appealable if it merely determines the facts asserted by the plaintiff are sufficiently supported by evidence in the record to survive summary judgment.

118 F.3d 1416, 1422 (10th Cir. 1997) (citations omitted); see also Wilson v. Meeks, 98 F.3d 1247, 1251-52 (10th Cir. 1996) (surveying circuit court cases applying the rules announced in Behrens and Johnson).

In its denial of Defendants' Rule 12(b)(6) motion to dismiss the First Amendment claim on qualified immunity grounds, the district court relied on our decision in Ramirez v. Oklahoma Dep't of Mental Health, 41 F.3d 584, 589 (10th Cir. 1994). The court stated that, "[h]aving construed plaintiff's allegations in the light most favorable to her, as this Court must do at this stage of the litigation,

-3-

the Court is satisfied that plaintiff's complaint is sufficient to withstand dismissal." Appellant's App., Doc. F at 3. Because the court appropriately accepted all well-pleaded factual allegations in Plaintiff's complaint as true and drew all reasonable inferences in her favor, its decision denying qualified immunity at the Rule 12(b)(6) stage did not involve any disputed questions of fact. We conclude that we have jurisdiction to review the denial of Defendants' motion to dismiss on the basis of qualified immunity because the court's decision solely involved applying principles of law to an assumed set of facts. See Mitchell v. Forsyth, 472 U.S. 511, 528 n.9 (1985) (stating that "the appealable [immunity] issue is a purely legal one: whether the facts alleged . . . support a claim of violation of clearly established law"); Seamons v. Snow, 84 F.3d 1226, 1238 (10th Cir. 1996) (retaining jurisdiction and reversing Rule 12(b)(6) motion to dismiss on qualified immunity because the complaint, and all inferences in favor of plaintiff, established a claim that defendants violated clearly established law); accord Dickerson v. McClellan, 101 F.3d 1151, 1156-57 (6th Cir. 1996) (concluding that where the facts giving rise to a claim of qualified immunity are undisputed, the court could exercise jurisdiction over the appeal to the extent that it raised legal questions); Hafley v. Lohman, 90 F.3d 264, 266 (8th Cir. 1996) (stating that an interlocutory denial of a motion to dismiss on grounds of qualified immunity is a final appealable order), cert. denied, ___ U.S. ___, 117 S. Ct. 1081

-4-

(1997).

We review *de novo* the denial of a motion to dismiss based on qualified immunity because it is a question of law. See Bella v. Chamberlain, 24 F.3d 1251, 1254 (10th Cir. 1994), cert. denied, 513 U.S. 1109 (1995). At the Rule 12(b)(6) stage, qualified immunity protects defendants performing discretionary functions from individual liability unless, on the face of the complaint, the plaintiff alleges the violation of "clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982); see Hafley, 90 F.3d at 266. Once a defendant pleads qualified immunity as an affirmative defense, the plaintiff must (1) allege sufficient facts showing that the defendant's actions violated a constitutional or statutory law, and (2) show "'that the relevant law was clearly established when the alleged violation occurred.'" Clanton, 129 F.3d at 1153 (quoting Gehl Group v. Koby, 63 F.3d 1528, 1533 (10th Cir. 1995)). In our assessment of whether Plaintiff has asserted a violation of a constitutional right and whether the constitutional right was clearly established so that reasonable officials would have understood that their conduct violated that right, we, like the district court before us, must construe the complaint and amended complaint in the light most favorable to Plaintiff, accept all well-pleaded allegations as true, and draw all reasonable inferences in Plaintiff's favor. See Bella, 24 F.3d at 1254; see also

Conley v. Gibson, 355 U.S. 41, 45-46 (1957) (noting that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that a "plaintiff can prove no set of facts" that would entitle him to relief). At this stage of the proceedings, we do not determine the merits of Plaintiff's claim that Defendants' conduct actually violated clearly established statutory or constitutional rights.

Plaintiff rests her section 1983 claim on an alleged violation of her First Amendment right to free speech. She alleges that she was retaliated against for her speech on matters of public concern. Specifically, she contends that Defendants restricted her duties and rights as Patient Advocate General to the DMHSAS and eventually terminated her in retaliation for her speech. The alleged speech encompasses Plaintiff's reporting of specific patient complaints and alleged violations of the rights of patients in DMHSAS facilities to those facilities and to her supervisor. Plaintiff's speech also includes her letter to a member of the Oklahoma Legislature which described patient abuses within the DMHSAS, Plaintiff's advocacy on behalf of her clients, her reporting of the abuses to the DMHSAS, and her resulting inability to discharge her duties in the face of DMHSAS harassment.

Generally, public employment cannot be conditioned "on a basis that infringes the employee's constitutionally protected interest in freedom of

expression." Connick v. Myers, 461 U.S. 138, 142 (1983); see Ramirez, 41 F.3d at 593. "[I]t is essential that public employees be able to speak out freely [on matters of public concern] without fear of retaliatory dismissal." Connick, 461 U.S. at 149. We rely on Oklahoma statutes, DMHSAS regulations, and this court's decision in Ramirez to hold that Plaintiff has sufficiently stated a claim alleging a clearly established free speech right to report patient abuses and treatment at DMHSAS facilities.

Ramirez determined that the quality of care given to patients in Oklahoma's Department of Mental Health system "involves a matter of public concern." 41 F.3d at 593; see Connick, 461 U.S. at 145-46 (discussing public concern as a matter relating to "political, social or other concern to the community"). In Ramirez, we recognized Oklahoma's strong public policy of protecting patients from abuse. See 41 F.3d at 593-94. We are convinced that the principles of Oklahoma law discussed in Ramirez apply equally to this case. Similar to the duty of medical and nursing personnel to safeguard patients, Plaintiff's job description and its authorizing regulations allegedly obligated her to protect the interests and rights of mental health patients within the DMHSAS. See Appellants' App., Docs. A & B & Exhs. 1-4. Under our interpretation in Ramirez, the relevant Oklahoma statutes, and the DMHSAS regulations, Plaintiff's alleged speech certainly involved matters of public concern. That

Plaintiff's speech was motivated by a desire to expose wrongdoing and was related to her job duties as Patient Advocate General reinforces the public importance of her speech.

We also hold that the constitutional right alleged by Plaintiff was clearly established by Ramirez, which was decided in 1994 before the alleged retaliatory action in this case, and the Oklahoma statutes discussed therein, see 41 F.3d at 593-94, so that reasonable officials would have understood that their conduct violated that right. See Medina v. City & County of Denver, 960 F.2d 1493, 1498 (10th Cir. 1992); see also Wren v. Spurlock, 798 F.2d 1313, 1318 (10th Cir. 1986) (holding that adverse employment action against public school teacher who was harassed, reprimanded, and suspended for speech may give rise to First Amendment claim), cert. denied, 479 U.S. 1085 (1987).

Further, the DMHSAS regulations and another Oklahoma statute give a reasonable official notice that it would be a violation of Plaintiff's rights to discipline or terminate her after she blew the whistle on improprieties at the DMHSAS. It is a logical and reasonable inference that Defendants, who are members of the board of the DMHSAS, would be aware of DMHSAS regulations which describe the function and responsibility of the Patient Advocate General. This inference is especially reasonable in light of the fact that the DMHSAS itself created the Patient Advocate General position and its accompanying regulations.

Plaintiff also alleges that Defendants knew or should have known of the Oklahoma statute which prohibits a state agency from taking disciplinary action against an employee for disclosing public information or reporting violations of state or federal law, such as violations of patients' rights, and for discussing the operations and functions of the agency with a member of the Legislature. See Okla. Stat. Ann. tit. 74, § 840-2.5(A). Under that statute which was enacted in 1982, a disciplinary action may constitute, among other things, a withholding of work, reprimand, admonishment, warning of possible dismissal or dismissal. See id. § 840-2.5(D). Plaintiff's alleged attempt to care for patients in an aggressive manner by reporting violations to her supervisor at the DMHSAS and by writing to a member of the Legislature may not be stymied by the alleged retaliatory actions.

At this stage of the proceedings Defendants have not demonstrated that, under the balancing test established by Pickering v. Board of Education, 391 U.S. 563, 568 (1968), the state interest in regulating Plaintiff's speech outweighs Plaintiff's First Amendment interest in reporting patient abuses by DMHSAS facilities. [1] See Ramirez, 41 F.3d at 594-95.

For these reasons, we cannot say that the district court was erroneous in its

---

[1] This determination does not preclude Defendants from asserting the qualified immunity defense as the facts develop more fully. See Ramirez, 41 F.3d at 595 & n.7.

determination that Defendants were not entitled to qualified immunity at this stage of the proceedings. Because Plaintiff has alleged a clearly established right of which a reasonable person should have known, and given the scant factual record on this Rule 12(b)(6) motion, it is premature to grant qualified immunity. See Seamons , 84 F.3d at 1238-39; see also 2 James Wm. Moore, Moore's Federal Practice , § 12.34[4][b] & n.56 (3d ed. 1998) (stating that dismissal for failure to state a claim on qualified immunity grounds is generally inappropriate because qualified immunity defense requires a factual review); cf. Workman v. Jordan , 958 F.2d 332, 336 (10th Cir. 1992) (stating that court cannot frame question of qualified immunity as factual to avoid determining whether the law was clearly established at time of alleged violation).

AFFIRMED.

Entered for the Court


Monroe G. McKay
Circuit Judge