# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-3929

_____

| | | |
|---|---|---|
| Randall R. Bradford, | * | |
| | * | |
| Appellee, | * | |
| | * | |
| v. | * | |
| | * | |
| Mike Huckabee, Individually and as | * | |
| Governor of the State of Arkansas; | * | Appeal from the United States |
| Kelly Boyd, Individually and as | * | District Court for the Eastern |
| Technology Liaison for the Office of | * | District of Arkansas. |
| the Governor; Brenda Turner, | * | |
| Individually and as Chief of Staff for | * | |
| the Governor; Doug Elkins, | * | |
| Individually and as Director of the | * | |
| State of Arkansas, Department of | * | |
| Information Systems; Jim Harris, | * | |
| Individually and Senior Staff for the | * | |
| Governor; | * | |
| | * | |
| Appellants, | * | |
| | * | |
| John Doe, #1 and #2, | * | |
| | * | |
| Defendant. | * | |

_____

Submitted: May 14, 2003

Filed: June 5, 2003

_____

Before WOLLMAN and BEAM, Circuit Judges, and NANGLE,[1] District Judge.
_____

BEAM, Circuit Judge.

Mike Huckabee, Kelly Boyd, Brenda Turner, Doug Elkins, and Jim Harris (collectively "Appellants") appeal the district court's order denying, in part, their motion to dismiss based on qualified immunity. We find that the district court did not rule on the qualified immunity issue, and therefore we remand.

I.      BACKGROUND

Randall R. Bradford (Bradford) formerly worked for the State of Arkansas as the Executive Chief Information Officer.  He alleges that he resigned from this position as a result of being "constructively discharged" on June 13, 2002.  Upon receipt of his resignation, Governor Huckabee terminated his employment. Bradford filed a complaint under 42 U.S.C. § 1983 for alleged violations of his First Amendment rights, as well as claims under the False Claims Act, 31 U.S.C. § 3730(h) (FCA), the Arkansas Whistle-blower Act, Ark. Code Ann. § 21-1-602 et. seq., and pendent state law claims for wrongful discharge and civil conspiracy.  Bradford named each appellant in both their individual and official capacities for each claim.

Appellants filed a motion to dismiss on several grounds.  Relevant to this appeal is their contention that they were all entitled to qualified immunity for the claims against them in their individual capacities.  The district court granted the motion to dismiss against the Appellants in their individual capacities under the FCA, in their individual capacities under the Arkansas Whistle-blower Act, and in their

_____

[1]The Honorable John F. Nangle, United States District Judge for the Eastern District of Missouri, sitting by designation.

individual capacities for wrongful discharge.[2] He also ruled, correctly, that Bradford would only be entitled to injunctive and declaratory relief on his claims against Appellants in their official capacities, not to damages. These rulings leave Bradford with claims against Appellants in their official capacities for all of the claims, and against Appellants in their individual capacities for the First Amendment claim (through section 1983) and the civil conspiracy claim. The district court did not explicitly rule on whether Appellants were entitled to qualified immunity for these two remaining individual capacity claims, but it did conclude its order with, "In all other respects the motion to dismiss is denied." Appellants interpret this to mean that their qualified immunity defense was denied. Thus, they appeal this aspect of the district court's ruling.

## II.    DISCUSSION

Our jurisdiction to review the qualified immunity issue on interlocutory appeal depends upon whether the district court actually ruled on the issue.[3] Szwedo v. Arkansas, 284 F.3d 826, 827 (8th Cir. 2002) ("[B]ecause the district court did not

---

[2]The district court found that Appellants were not employers in their individual capacities and thus Bradford's FCA, Arkansas Whistle-blower Act, and wrongful discharge claims against Appellants in their individual capacities failed to state a claim.

[3]The denial of a motion to dismiss is not usually immediately appealable because it is not a final order. Pendleton v. St. Louis County, 178 F.3d 1007, 1010 (8th Cir. 1999). The Supreme Court, however, has carved out an exception to this rule for cases involving qualified immunity claims. Behrens v. Pelletier, 516 U.S. 299, 307 (1996). Thus, the order in the instant case would be considered a final order subject to immediate appeal on the narrow issue of whether Appellants violated a "clearly established law," if the district court ruled on the qualified immunity issue, as Appellants contend it did. Johnson v. Jones, 515 U.S. 304, 313 (1995). An order on qualified immunity is not appealable to the degree that it turns on an issue of evidence sufficiency. Id. at 314.

address the qualified immunity defense, it did not enter a final appealable order with respect to qualified immunity [sufficient] to confer appellate jurisdiction."); Krein v. Norris, 250 F.3d 1184, 1188 (8th Cir. 2001) ("Because there has been no decision, conclusive or otherwise, rendered below on the disputed question of qualified immunity, the defendants' appeal is premature."). We have examined every aspect of the district court's opinion and have determined that there is no explicit determination or analysis of Appellants' qualified immunity claim. The district court dealt with (and rejected) Appellants' sovereign immunity defense against the First Amendment claim against them in their official capacities, noting that the plaintiff "has stated a claim for civil conspiracy," and that in "all other respects the motion to dismiss is denied." While we understand the parties' contention that these statements imply a denial of qualified immunity, we do not think that such an inference is sufficient for an interlocutory appeal at this point in time.

The district court needed to first determine whether the complaint alleged enough facts to demonstrate the violation of a clearly established statutory or constitutional right arising under the First Amendment and civil conspiracy statute.[4] Hafley v. Lohman, 90 F.3d 264, 266 (8th Cir. 1996). "Dismissal is inappropriate unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Id. (internal quotations omitted). Public officials are entitled to qualified immunity in suits against them in their individual capacity as long as their actions do not violate "clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). Qualified immunity is an affirmative defense, to be upheld in a motion to dismiss only when the immunity can be established on the face of the complaint. Hafley, 90 F.3d at 266.

---

[4]To this extent, the civil conspiracy claim relies upon the First Amendment claim for its validity.

As part of this determination, the district court also needed to follow a two-step inquiry to determine whether Bradford's purported speech, as a public employee, was protected by the First Amendment. See Sparr v. Ward, 306 F.3d 589, 594 (8th Cir. 2002). First, Bradford's speech must be on a matter of public concern. Id. Second, the district court must balance Bradford's right to speak against the interests of the public employer. Sexton v. Martin, 210 F.3d 905, 910 (8th Cir. 2000). The district court failed to apply either step of the analysis as outlined by Sparr. Additionally, the district court should identify the actual "speech" that Bradford is alleging was infringed upon by Appellants' actions. It is difficult to tell from the allegations whether any specific statements made by Bradford, free or otherwise, were either inhibited by the Appellants or became the source of the adverse employment action claimed.

The Supreme Court has emphasized that qualified immunity should be addressed as early as possible in litigation. Hunter v. Bryant, 502 U.S. 224, 227 (1991). Thus, we raise this jurisdictional defect sua sponte, conclude that we have no jurisdiction to hear this appeal, and remand for a proper determination of Appellants' qualified immunity. See Krein, 250 F.3d at 1187-88.

## III. CONCLUSION

Because there has been no determination on the qualified immunity issue raised by Appellants, we lack jurisdiction to hear this appeal. Accordingly, we remand to the district court for such a determination and further proceedings.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-5-