# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 02-3886

_____

The Schatz Family, by and through   *
the following persons, both individually *
and on behalf of the Schtaz family:   *
David Schatz; Abigail Schatz,   *
Timothy Schatz, Sarah Schatz;   *
Rachel Schatz; Deborah Schatz, minors *
and by their Next of Friend, Andy   *
Schatz; Rebekah Schatz; Charity Schatz;*
Angel Schatz; Jonathan Schatz;   *
Andy Schatz; Joanne Schatz,   *
  *
      Appellees,   *
  *
      v.   *   Appeal from the United States
  *   District Court for the
Lynne Gierer; Tamme Schroepfer,   *   Eastern District of Missouri.
formerly known as Tamee   *
Bruenderman; Catherine Prososki,   *
formerly known as Catherine Boone;   *       [PUBLISHED]
Jae Anne Carder; Meredith   *
Thibault; Pam Menefee; Paige Martin- *
Watson, formerly known as Paige   *
Rowbottom; Ladonna Zimmerman,   *
formerly known as Ladonna Seegmiller; *
Julie Lindemann; Deborah Adair,   *
formerly known as Deborah Crocker;   *
Denise Reed, formerly known as   *
Denise Hughes; Linda Russell; Connie *

Juengel; Tony Pogue; Edna Phillps;                    *
Cheryl O'Brien; Shelia Hedgecorth;                    *
Susan Elrod; Donna Volner; Gerald                    *
Poepsel; Kathy Carmody, formerly                     *
known as Kathy Anderson; Patricia                    *
Wideman, formerly known as                           *
Patricia Bruns,                                      *
                                                     *
                          Appellants.                *


———————————

Submitted: September 8, 2003
Filed:  October 16, 2003

———————————

Before LOKEN, Chief Judge, McMILLIAN and HANSEN, Circuit Judges.

———————————


PER CURIAM

The Schatz family – Father Andy, Mother Joanne, and ten of their eleven children – filed suit against the Missouri Department of Family Services and a number of its employees and contractors based on the events surrounding the removal of the Schatz children from their home and their placement and treatment while in foster care.  The third amended complaint asserts 12 causes of action against 49 defendants in their official and individual capacities.  Some defendants (the "motion-to-dismiss defendants") filed motions to dismiss or to require a more definite statement, and other defendants filed for summary judgment.  All defendants asserted qualified immunity in addition to other defenses.  The district court denied the motions to dismiss or to require a more definite statement, but granted the motions for summary judgment based on qualified immunity and the statute of limitations.

The motion-to-dismiss defendants appeal the order of the district court. They argue that (1) the third amended complaint does not satisfy Federal Rules of Civil Procedure 8 and 10 or the pleading requirements set out in Edgington v. Mo. Dep't of Corrections, 52 F.3d 777 (8th Cir. 1995), and that the district court erred in failing to strike the pleadings or require the plaintiffs to provide a more definite statement; (2) the district court erred in failing to analyze their motion to dismiss on the basis of qualified immunity, and they are entitled to qualified immunity on all claims; (3) a number of plaintiffs' claims fail to allege violations of constitutional rights sufficient to state a claim under 42 U.S.C. § 1983; (4) the relevant statute of limitations precludes the Schatz parents from bringing any claims arising before April 8, 1993; and (5) assuming no federal claims remain, the pendent state law claims should be dismissed.

Although the denial of a motion to dismiss generally is not immediately appealable because it is not a final order, Pendleton v. St. Louis County, 178 F.3d 1007, 1010 (8th Cir. 1999), the Supreme Court has carved out an exception for orders involving qualified immunity, Behrens v. Pelletier, 516 U.S. 299, 307 (1996). However, "[o]ur jurisdiction to review the qualified immunity issue on interlocutory appeal depends upon whether the district court actually ruled on the issue." Bradford v. Huckabee, 330 F.3d 1038, 1040 (8th Cir. 2003) (citing Szwedo v. Arkansas, 284 F.3d 826, 827 (8th Cir. 2002) ("[B]ecause the district court did not address the qualified immunity defense, it did not enter a final appealable order with respect to qualified immunity [sufficient] to confer appellate jurisdiction.") (alterations in original), and Krein v. Norris, 250 F.3d 1184, 1188 (8th Cir. 2001) ("Because there has been no decision, conclusive or otherwise, rendered below on the disputed question of qualified immunity, the defendants' appeal is premature.")). Where jurisdiction is appropriate, the scope of appeal is limited to the narrow issue of whether plaintiffs have alleged a violation of "clearly established" law. See Johnson v. Jones, 515 U.S. 304, 313 (1995).

The district court announced the proper standard for addressing qualified immunity at the Rule 12(b)(6) stage – whether immunity is established on the face of the complaint, Hafley v. Lohman, 90 F.3d 264, 266 (8th Cir. 1996), cert. denied, 519 U.S. 1149 (1997) – but failed to engage in any further discussion or analysis of the issue as to the motion-to-dismiss defendants. Despite the fact that the district court concluded in the summary judgment section of its opinion that a number of the plaintiffs' claims failed to allege violations of clearly established constitutional rights, nothing in the two paragraphs following the district court's mention of qualified immunity on page 13 appears to address this same question as to the motion-to-dismiss defendants. Although the district court's complete denial of defendants' motion to dismiss implies the denial of qualified immunity, we have held previously that such an inference is insufficient for an interlocutory appeal. See Bradford, 330 F.3d at 1040; Washington v. Wilson, 46 F.3d 39, 41 (8th Cir. 1995) ("The issue must at the very least be mentioned by the district court, and preferably reasons affirming or denying qualified immunity should be articulated before this Court has jurisdiction to engage in meaningful review."). But see Krueger v. Fuhr, 991 F.2d 435, 438 n.2 (8th Cir.) ("The District Court's opinion discusses only Fuhr's defense 'on the merits,' and not his qualified immunity defense. But the Court notes that Fuhr's motion for summary judgment asserts the defense of qualified immunity, and its opinion then denies the motion without qualification. We read this as a rejection of qualified immunity, notwithstanding the opinion's failure to discuss the issue explicitly. However, we take this opportunity to suggest that district courts clearly address the qualified immunity issue."), cert. denied, 510 U.S. 946 (1993).

Although the Schatzes do not challenge our jurisdiction, "every federal appellate court has a special obligation to consider its own jurisdiction. In fact, jurisdiction issues will be raised sua sponte by a federal court when there is an indication that jurisdiction is lacking, even if the parties concede the issue." Thomas v. Basham, 931 F.2d 521, 522-523 (8th Cir. 1991) (internal citations omitted). Because there was no determination by the district court on the qualified immunity

issue raised by the motion-to-dismiss defendants, we conclude that we have no jurisdiction to review the district court's order on that issue or on the defendants' other merit-based arguments.

Accordingly, we dismiss the appeal. In doing so, we reiterate that the Supreme Court repeatedly has emphasized the need to address qualified immunity at the earliest possible stage in the litigation. See Hunter v. Bryant, 502 U.S. 224, 227 (1991).

_____