# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-3499

_____

| | | |
|---|---|---|
| Linda Kay Crumpley-Patterson, | * | |
| | * | |
| Plaintiff/Appellant, | * | |
| | * | |
| v. | * | Appeal from the United States |
| | * | District Court for the Western |
| Trinity Lutheran Hospital; Baptist- | * | District of Missouri. |
| Lutheran Medical Center; City of Lee's | * | |
| Summit, Missouri; Michael J. Black, | * | |
| Sergeant, Lee's Summit Police | * | |
| Department, | * | |
| | * | |
| Defendants/Appellees. | * | |

_____

Submitted: September 13, 2004
Filed: November 2, 2004

_____

Before BYE, BOWMAN, and MELLOY, Circuit Judges.

_____

BYE, Circuit Judge.

Linda Kay Crumpley-Patterson (Patterson) appeals the district court's[1] order granting Trinity Lutheran Hospital's[2] (Trinity) motion under Fed. R. Civ. P. 12(b)(6) to dismiss her 42 U.S.C. § 1983 complaint. We affirm.

I.

The relevant facts, as alleged in Patterson's complaint, are as follows. On August 4, 2001, Lee's Summit, Missouri, police arrested Patterson after two neighbors accused her of pointing a gun at them. The police held Patterson in jail overnight and the following day transported her to Trinity for a psychiatric evaluation. Trinity officials advised Patterson she "present[ed] a serious harm to [her]self or others" and told her she would be held "against her will for a 96-hour period." Patterson alleges Trinity failed to follow Missouri state law requiring petitions for involuntary commitment be approved by the County Probate Court. Patterson further alleges Trinity held her against her will until August 8 in violation of her due process rights, despite a psychiatrist's conclusion she was not a danger to herself or others.

On August 13, 2001, Patterson alleges she was again involuntarily confined to Trinity. This time, Trinity told Patterson she would be held against her will for twenty-one days unless she signed an authorization for treatment. Patterson signed the authorization and once again a staff psychiatrist determined she was not a threat to herself or others. On August 17, Trinity released Patterson from her second confinement.

---

[1]The Honorable Gary A. Fenner, United States District Judge for the Western District of Missouri.

[2]Trinity is now known as Baptist Lutheran Medical Center.

Patterson sued Trinity, the City of Lee's Summit and Michael J. Black, a sergeant on the Lee's Summit police force,[3] alleging 1) deprivation of constitutional rights under § 1983 and 42 U.S.C. § 1981, 2) conspiracy to interfere with civil rights, and 3) three pendent state law claims. Eventually, all of the claims were dismissed. The only issue before us on appeal is the dismissal of the § 1983 claim.

The district court dismissed the § 1983 claim because 1) Patterson failed to plead Trinity was engaged in a continuing, widespread, persistent pattern of unconstitutional misconduct, and 2) Trinity was not a state actor. On appeal, Patterson argues the dismissal was inappropriate because she did not need to make a showing of a continuing, widespread, persistent pattern of unconstitutional misconduct, and Trinity was acting under color of state law. We disagree.

II.

The standard for a district court to employ in ruling on a motion to dismiss is clear. A district court must accept the allegations contained in the complaint as true, Hishon v. King & Spalding, 467 U.S. 69, 73 (1984), and all reasonable inferences from the complaint must be drawn in favor of the nonmoving party, Hafley v. Lohman, 90 F.3d 264, 266 (8th Cir. 1996). "[D]ismissal is inappropriate 'unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" McCormack v. Citibank, N.A., 979 F.2d 643, 646 (8th Cir. 1992) (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). This court reviews a district court's grant of a motion to dismiss de novo. Hafley, 90 F.3d at 266.

---

[3]Lee's Summit and Black were later dismissed and those dismissals are not before the court.

Section 1983 creates a cause of action against "every person, who under color of any statute, ordinance, regulation, custom, or usage" subjects any person to deprivation of immunities secured by the Constitution or federal laws.  42 U.S.C. § 1983.  Section 1983 secures most constitutional rights from infringement by governments, not private parties.  Jackson v. Metro. Edison Co., 419 U.S. 345, 349 (1974).  Where a private party acts under color of state law, however, it can be held liable under § 1983.  See, e.g., Dennis v. Sparks, 449 U.S. 24, 27-28 (1980) (holding private party acts under color of state law if it is "willful participant in joint action with State or its agents"); Adickes v. S.H. Kress & Co., 398 U.S. 144, 150-52 (1970) (holding proof of conspiracy between restaurant and police established restaurant acted under color of law).

A corporation acting under color of state law will only be held liable under § 1983 for its own unconstitutional policies.  Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690 (1978).  The test is whether there exists a policy, custom or action by those who represent official policy which inflicts an injury actionable under § 1983.  Id. at 694.  In other words, to prove a policy, custom or action, Patterson  must show "a continuing, widespread, persistent pattern of unconstitutional misconduct" by Trinity's employees; "[d]eliberate indifference to or tacit authorization of such conduct by [Trinity's] policymaking officials after notice to the officials of that misconduct;" and she "was injured by acts pursuant to [Trinity's] custom, i.e., that the custom was the moving force behind the constitutional violation." S.J. v. Kansas City Mo. Pub. Sch. Dist., 294 F.3d 1025, 1028 (8th Cir. 2002) (internal quotations and citations omitted).

Patterson need not, however, specifically plead the existence of an unconstitutional policy or custom to survive a motion to dismiss.  Doe v. Sch. Dist. of Norfolk, 340 F.3d 605, 614 (8th Cir. 2003).

> [A] plaintiff may not be privy to the facts necessary to accurately describe or identify any policies or customs which may have caused the deprivation of a constitutional right. Moreover, such a holding would disregard the liberality of Fed. R. Civ. P. 8(a)(2) which requires merely "a short and plain statement of the claim showing that the pleader is entitled to relief," and 8(f), which states "pleadings shall be so construed as to do substantial justice."

Id.

Accordingly, Patterson's complaint is not deficient because she failed to incorporate language specifically alleging the "existence of an unconstitutional policy or custom." Id. Nevertheless, Patterson's failure to include any "allegations, reference, or language by which one could begin to draw an inference that the conduct complained of . . . resulted from an unconstitutional policy or custom" renders the complaint deficient. Id. "At a minimum, a complaint must allege facts which would support the existence of an unconstitutional policy or custom." Id.

Here, the district court found Patterson failed to include in her complaint any language or facts from which an inference could be drawn that Trinity had a policy or custom of illegal involuntary commitments. Our review of the complaint confirms the district court's finding. We are unable to divine anything from the complaint alleging such a policy or custom.

Citing Doe v. School District of Norfolk, 340 F.3d at 613, Patterson argues she was not required to show, at this juncture, the existence of such a practice or custom because those facts may have been developed during discovery. The argument misses the mark. The district court dismissed the complaint because Patterson failed to include any allegations suggesting the existence of an unconstitutional practice or custom. On appeal, Patterson has again failed to allege the existence of an

unconstitutional practice or custom and at oral argument conceded the absence of any such allegations in the complaint.[4]

Accordingly, the judgment of the district court is affirmed.

_____

[4]Because we find the complaint deficient on its face, we express no opinion about whether Trinity was acting under color of law.