# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-2763

_____

|  |  |  |
|---|---|---|
| John E. Searcy, Jr., | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Western District of Arkansas. |
| J. Roberts, Individually and in his | * | |
| official capacity as an officer of the | * | [UNPUBLISHED] |
| Arkansas State Police; M. Young, | * | |
| Individually and in his official capacity | * | |
| as an officer of the Arkansas State | * | |
| Police, | * | |
| | * | |
| Appellants. | * | |

_____

Submitted: June 2, 2005
Filed: June 20, 2005

_____

Before MELLOY, BOWMAN, and SMITH, Circuit Judges.

_____

PER CURIAM.

In this interlocutory appeal, Arkansas State Police Officers J. Roberts and M. Young appeal the District Court's denial of their renewed summary judgment motion.

While appellants based their summary judgment motion in part on qualified immunity, in the brief order denying the motion and a cross-motion for summary judgment, the District Court merely found "that issues of fact remain[ed] with respect to the issues presented by both parties' motions . . . which will require the attention of a jury." Because we cannot conclude that the District Court ruled on the qualified-immunity issue, we lack jurisdiction over this appeal. See Swint v. Chambers County Comm'n, 514 U.S. 35, 41-42 (1995) (28 U.S.C. § 1291 permits appeals from small category of decisions that, although they do not end litigation, are nonetheless considered final, but appeals are disallowed from any decision which is tentative, informal, or incomplete); Bradford v. Huckabee, 330 F.3d 1038, 1040 (8th Cir. 2003) (jurisdiction to review qualified-immunity issue on interlocutory appeal depends upon whether district court actually decided issue; inference that qualified-immunity defense was denied is insufficient); Krein v. Norris, 250 F.3d 1184, 1187 (8th Cir. 2001) (when there is indication that jurisdiction is lacking, issue will be raised sua sponte by federal court); cf. Johnson v. Jones, 515 U.S. 304, 310-11 (1995) (collateral order constitutes immediately appealable final order if, inter alia, it conclusively determines disputed question, and resolves important issue completely separate from merits).

We note in passing that police officers ordinarily have probable cause to arrest an individual who is driving with expired license plates. In the present case, both officers signed affidavits indicating that the expired plates formed part of the probable cause for the stop and arrest of Mr. Searcy. In both cases Mr. Searcy was convicted of driving with the expired plates. We are confident the District Court will appropriately weigh these matters in ruling on the officers' assertion of qualified immunity.

We remand to the District Court for a determination of the qualified-immunity issue and for any further proceedings that may be necessary.

_____