# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-2103

_____

| | | |
|---|---|---|
| The Schatz Family, by and through, the following persons, both individually and on behalf of the Schatz family; David Schatz; Abigail Schatz; Timothy Schatz; Sarah Schatz; Rachel Schatz; Jonathan Schatz; Rebekah Schatz; Charity Schatz; Angel Schatz; Andy Schatz; Joanne Schatz; Deborah Schatz; minors and by their Next Friend Andy Schatz, | * * * * * * * * * * * | |
| Appellants, | * * | |
| v. | * * * | Appeal from the United States District Court for the Eastern District of Missouri. |
| Franklin County, MO, Division of Family Services; Lynne Gierer; Tamee Bruenderman; Catherine Boone; Meredith Thibault; Pam Menefee; Bonnie Wessler; Paige Rowbottom; Jane Doe; John Doe; Jae Anne Carder; Monica Houttuin; Dina Vitoux; Judith Schechtman; Robert Schnidman; Deborah Schlitt; James Powers; Robert Schlitt; Marie Clark; | * * * * * * * * * * * * * | |
| Appellees, | * | |

Priscilla Grier;                              *
                                              *
           Defendant.                         *
                                              *
Vicki Simmons; Jackie Fisher;                 *
Glen Kuehn; Marsha Roy;                       *
Cheryl Savage; Joseph Long;                   *
Timothy Jones; Ladonna Seegmiller;            *
Julie Lindemann; Deborah Crocker;             *
Denise Hughes; Linda Russell;                 *
Connie Juengel; Tony Pogue;                   *
Edna Phillips; Cheryl O'Brien;                *
Sheila Hedgecorth; Susan Elford;              *
Donna Volner; Gerald Poepsel;                 *
Kathy Anderson; Patricia Bruns;               *
Mark Owings; Woodrow Friel;                   *
Alpha for Adolescents; Glenda                 *
Edwards; Wendy Jackson; Peggy                 *
Bridges; Joanne Gratzer; Stephanie            *
Light, each in their personal and             *
individual capacity; Fee-Fi-Fo Fun            *
Day Care; Ozark Center, a Missouri            *
not-for-profit corporation.                   *
                                              *
           Appellees.                         *

———————

Submitted: April 13, 2005
Filed: September 1, 2005

———————

Before COLLOTON, McMILLIAN, and GRUENDER, Circuit Judges.

———————

McMILLIAN, Circuit Judge.

The Schatz family, father Andy, mother Joanne, and ten of their eleven children, appeal from a final judgement of the District Court[1] in their action brought under 42 U.S.C. §§ 1983 and 1985 in favor of the Missouri Division of Family Services (DFS) and 48 of its employees and contractors (collectively defendants). We affirm.

In a third amended complaint, the Schatz family asserted 12 federal and state causes of actions, including violations of the right to family integrity, against the 49 defendants arising from the removal beginning in 1990 of the Schatz children from their home and their placement in foster homes.[2] In addition to allegations of individual wrongdoing, the Schatz family alleged that the defendants had conspired to remove the children from their home without reasonable suspicion or investigation. Defendants raised qualified immunity defenses, either in motions to dismiss or in motions for summary judgment.

In a September 27, 2002, 33-page opinion, the district court held that the applicable five-year statute of limitations in Mo. Rev. Stat. § 516.120 barred the parents' § 1983 claims for acts occurring before April 8, 1993. The district court also held that because the allegations set forth in the complaint at paragraphs 72 through 123 (excluding paragraph 99) did not allege the specific actions of each defendant, the Schatz family could not rely on the paragraphs to support their § 1983 claims, citing Madewell v. Roberts, 909 F.2d 1203, 1208 (8th Cir. 1990) ("Liability under § 1983 requires a causal link to, and direct responsibility for, the deprivation of rights.").

---

[1]The Honorable E. Richard Webber, United States District Judge for the Eastern District of Missouri.

[2]According to the Schatz family, six of the children were returned to their home in 1995, two were returned in 1997, and three were not returned because they reached the age of majority.

The district court also granted the motions for summary judgment of Bonnie Wessler, a contract social worker who conducted 10 therapy sessions with the Schatz family in 1990, and Alpha for Adolescents, a contract treatment facility that provided protective services for abused children, and three of its employees. As to Wessler, who had reported that "extreme anger and physical abuse have been longstanding problems" in the Schatz family, the district court held that she had not violated any clearly established constitutional rights, citing e.g., Omni Behavioral Health v. Miller, 285 F.3d 646, 652 (8th Cir. 2002) (officer's action in "investigating reports of child abuse at a foster care facility" did not violate any constitutional right); Thomason v. SCAN Volunteer Serv., Inc., 85 F.3d 1365, 1371 (8th Cir. 1996) ("'Clearly, our precedents provide that, when a state official pursuing a child abuse investigation takes an action which would otherwise unconstitutionally disrupt familial integrity, he or she is entitled to qualified immunity, if such action is properly founded on a reasonable suspicion of child abuse'") (quoting Manzano v. South Dakota Dep't of Social Serv., 60 F.3d 505, 511 (8th Cir. 1995)). As to Alpha for Adolescents and its employees (collectively Alpha), the district court held that the Schatz family had offered no facts in support of their allegation that one of the children had been held at the facility and in solitary confinement against her will and without grounds. As to both Wessler and Alpha, the district court held that the Schatz family offered no facts in support of their conspiracy claim, citing Myers v. Morris, 810 F.2d 1437, 1453 (8th Cir. 1987) ("[M]ore than the mere recitation of an improper state of mind such as malice, bad faith, retaliatory motive or conspiracy is required to defeat qualified immunity for conduct which, absent that state of mind, would be constitutionally acceptable or protected by immunity."), abrogated on other grounds, Burns v. Reed, 500 U.S. 478, 496 (1991).

The district court, however, denied 21 defendants' motions to dismiss. Those defendants appealed, arguing that they were entitled to qualified immunity. Because the district court had not specifically addressed qualified immunity in denying the

motions to dismiss, we dismissed the appeal for lack of jurisdiction. Schatz Family v. Gierer, 346 F.3d 1157, 1160 (8th Cir. 2003).

In a May 9, 2003, 17-page opinion, the district court granted the motions for summary judgment filed by Dr. Deborah Schlitt, a contract psychologist who had evaluated one of the children once in 1995 and reported that the child exhibited behaviors suggestive of past sexual abuse; Dr. Robert Schlitt, a contract psychologist, who evaluated another child once in 1995 and recommended consideration of career foster care placement; Jackie Fisher, a contract counselor, who provided family counseling for six weeks in 1990 and reported her belief that the Schatz children were in danger in the home because of the father's inability to control himself; and Glen Kuehn, a student intern who from May 30 to July 10, 1990, had assisted Fisher in counseling the family. The district court held that the undisputed facts showed that the defendants had not violated any of the Schatz family's constitutional rights.

In a March 24, 2004, 42-page opinion, the district court granted the remainder of the defendants' requests for qualified immunity asserted in motions for summary judgment or motions to dismiss. The district court detailed the allegations against each of the defendants. As to the motion-to-dismiss defendants, the district court noted that it had erred in section IV of its September 27, 2002, opinion by failing to address the defendants' assertions of qualified immunity, noting that once the defendants had asserted the defense, it was obligated to address it, citing Hafley v. Lohman, 90 F.32d 264, 266 (8th Cir. 1996). The district court then held the defendants were entitled to qualified immunity because the complaint's allegations that the defendants either wrongfully approved, made erroneous conclusions, manipulated investigations, threatened to remove the children, or failed to follow the parents' instructions did not allege violations of clearly established constitutional rights. As to the summary-judgment defendants, the district court held that the undisputed evidence showed that they had not violated any clearly established rights. As to all

defendants, the district court dismissed the conspiracy claims as conclusory and unsupported. The district court also found no violations of state law.

We have carefully considered the Schatz family arguments, and they are without merit. With the exception of section IV of the district court's September 27, 2002, opinion, we affirm the judgment on the basis of the district court's thorough and well-reasoned opinions. See 8th Cir. R. 47B.

_____